## VANCE v. WELLS & CO.

1. Where a *feme* is sued on a promissory note made by her when covert, and she pleads her coverture in bar, it is not a good replication that she promised to pay the note after her husband's death, unless some new consideration or previous moral obligation is shewn to support the promise.

WRIT of error to the Circuit Court of Russell county.

Assumpsit by Wells & Co. against Mrs. Vance, on a promissory note. Plea, coverture. Replication, that since the death of the husband, the defendant promised to pay. The defendant demurred to this replication, but the court overruled the demurrer, and gave judgment for the plaintiff. This is now assigned as error.

S. HEYDENFELDT, for the plaintiff in error—cited 1 Strange, 94; 1 Shower, 183; 2 B. & A. 811; 8 Term, 545; 1 Bailey, 184; Ruger v. Lesporles, ex'r, 1 Dudley. 188; 1 Com. on Con. 162; Gould's Plead. 453, 567.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—A married woman in general, cannot be a party to a promissory note or bill of exchange, so as to charge herself to liability in a court of law. [Chitty on Bills, 24.] Indeed, it has been held, that during coverture, she is not capable to contract, although separated from her husband. [Marshall v. Rutter, 8 Term, 545.] In the case of Lee v. Muggeridge, [5 Taunt. 37,] where a feme was under a moral obligation to pay a bond executed by her when covert, and she, after the death of her husband, promised to pay it, her executors were held liable on this subsequent promise. But here, there is no moral obligation shown, nor any new consideration to support the subsequent promise; and as the contract was wholly void by reason of coverture, the subsequent promise to pay, was without consideration, and cannot bind her.

Judgment reversed, and cause remanded.