## HATTON vs. WIER.

1. A Joint Resolution of the General Assembly of the State, by which a married woman is authorized "to take, receive and hold, by gift, purchase or inheritance, any property, real or personal, free from the molestation, hindrance or authority of her husband, and free from any liability to pay his debts or contracts, and the same to dispose of, by will, gift or sale, in the same manner as if she were a *feme sole*," does not subject her to be sued at law, upon any contract entered into for the purchase of property.

2. *It seems* that the remedy of her creditor is by bill in equity, to subject her separate estate to the payment of his debt.

ERROR to the Circuit Court of Pickens.

J. L. MARTIN, for plaintiff in error.

1. The plaintiff insists that the statute set out in the replication does not make the plaintiff in error a free dealer; and being in derogation of common law and common right, must be strictly construed.

2. That to reach the separate property of married women, resort must be had to a court in equity; that a suit at law cannot be maintained.—Vance v. Wells, 6 Ala. 737; 3 Ala. 557; 9 Ala. 855; 1 Chitty, 476; 17 Ala. 802; 2 Saunders, P. & E. 570-72; 4 Por. 48.

3. That it was error to give judgment on overruling the demurrer, whilst there was an issue in the record undisposed of.—Thomas v. Brown, 1 Stewart, 412.

HUNTINGTON, *contra.*

DARGAN, C. J.—This suit is brought on a note executed by the defendant, and payable to the plaintiff, dated the 17th of March, 1847, and due the first of January, 1848.

Hatton v. Wier.

The defendant pleaded her coverture at the time the note was made in bar. The plaintiff replied the following joint resolution, passed by the General Assembly of the State of Alabama, on the 13th of December, 1845, "That it shall be lawful for Lucy Hatton of the county of Pickens, wife of John L. Hatton, to take, receive and hold, by gift, purchase, or inheritance, any property either real or personal, free from the molestation, hindrance or authority, and free from any liability to pay the debts or contracts of her husband, the said John L. Hatton, and the same to dispose of by will, gift or sale, in the same manner as if she were a *feme sole*." The replication also averred, that the note sued on was given by the defendant in the purchase of property from the plaintiff, since the passage of the above recited act. To this replication there was a demurrer, which was overruled, and this is the only assignment of error that we deem worthy of notice.

By marriage, the legal existance of the wife is incorporated into that of the husband, and they are said to be one person in law.—Black. Com. vol. 1, 442. She can do no act, and enter into no contract, that will bind her; consequently, if she gives a promissory note, or becomes a party to a bill of exchange, it cannot create a personal obligation upon her at law to pay.— Vance v. Wells, 6 Ala. 737.

This principle of the common law is not denied. But it is contended that the act of the Legislature, passed in the form of a joint resolution, whereby the defendant was authorized to acquire and hold property as a *feme sole*, either by gift, purchase or inheritance, subjects her to be sued at law, upon any contract entered into for the purchase of property. But we think such a construction of the act would be far beyond the intention of the Legislature. The defendant was only authorized to acquire, hold and dispose of property as a *feme sole*, not to create legal liabilities by contracts, upon which she could be sued at law. The remedy of the plaintiff is by bill in equity, to subject the separate estate of the defendant, if any she has, to the payment of his debt. But he cannot under the authority of this act maintain a suit at law against her upon the note. The court erred in overruling the demurrer, and the judgment must be reversed, and the cause remanded.