## HARDY *vs.* BOAZ, ADM'R, &c.

[APPEAL FROM DECREE OF DISTRIBUTION OF SEPARATE ESTATE OF DECEASED WIFE.]

1. *When husband, as distributee, shares in separate estate of deceased wife.*—On the death of the wife, intestate, her surviving husband is entitled, under the provisions of the act of 1850, to one half of the separate estate secured to her under that act or the act of 1848; but he takes nothing under this statute in property which vested in the wife, by bequest, before the passage of the act of 1848, although the period of its distribution did not arrive until 1854.

APPEAL from the Court of Probate of Dallas.

IN the matter of the final settlement of the estate of Mrs. Ann W. Boaz, deceased, by her administrator, P. C. Boaz, who was her surviving husband. The material facts of the case are these : William Hardy, the father of Mrs. Boaz, died in 1842, in this State, leaving a will, of which the ninth clause was as follows : "I will and ordain, that the residue and remainder of my estate, after my youngest daughter becomes of age, or marries, shall be equally divided among all my children." Mr. and Mrs. Boaz were married, in 1840, in this State ; Mrs. Boaz died in November, 1852, intestate, and leaving no children ; and letters of administration on her estate were granted to her surviving husband. Amanda, the youngest daughter of said testator, attained her majority in January, 1854 ; in the fall of the same year, a division of said testator's estate was had according to the terms of his will ; and said Boaz, as administrator of his wife, received her share of said estate. On these facts, the surviving brothers and sisters of the intestate claimed the entire fund in the hands of the administrator for distribution, and moved the court so to distribute it ; but the court decreed, that the administrator, as husband and distributee, was entitled to one half of the fund ; and to this ruling the other distributees excepted.

PEGUES & DAWSON, for the appellant.—1. The interest of Mrs. Boaz, under the residuary clause of her father's will, vested upon his death, though the period of distribution was postponed.—1 Roper on Legacies, 376 ; 6 Porter, 21, 507 ; McClure v. McDonald, 6 Ala. 236 ; McLemore v. McLemore, 8 Ala. 688 ; Farley v. Gilmer, 12 Ala. 140 ; Savage v. Benham, 17 Ala. 127; 4 Vesey, 400; 11 Wend. 259; 11 Vesey, 498.

2. This legacy not having been reduced to possession by the husband during the coverture, no property vested in him as husband.—1 Roper, 129 ; 2 Kent, 134 ; Clancy, 109 ; Bibb v. McKinley, 9 Porter, 642 ; Anderson v. Jones, 10 Ala. 422 ; Vanderveer v. Alston, 16 Ala. 497 ; Mayfield v. Clifton, 3 Stewart, 375 ; Johnson v. Weir, 3 Stewart, 172 ; Hogan v. Bell, 4 S. & P. 310 ; 9 Porter, 636 ; Lee v. Matthews, 10 Ala. 686 ; Mason v. McNeil, 23 Ala. 201 ; 2 Call, 447 ; 12 Vesey, 497.

12

3. The several acts of 1846, 1848, and 1850, in relation to the separate estates of married women, are not applicable to the case, because they cannot retroact upon vested rights.— Kidd v. Montague, 19 Ala. 619 ; Randall v. Shrader, 20 Ala. 338 ; Manning v. Manning, 24 Ala. 386.

BYRD & PARSONS, *contra.*—It is admitted that the husband's marital rights never attached to this property ; but it is insisted that, if Mrs. Boaz had lived until the distribution of her father's estate under the residuary clause of his will, she would have had a separate estate secured to her under the provisions of the Code. The will does not create a separate estate in her ; but whenever the estates comes into her possession, or into the possession of her personal representative after her death, the provisions of the acts of 1848 and 1850 apply to it, and secure it to her as her separate estate. If this be so, the husband's right as distributee is clear.— Cunningham v. Fontaine, 25 Ala. 644 ; Gerald and Wife v. McKenzie, 27 Ala. 166 ; Willis v. Cadenhead, 28 Ala. The distinction between this case and Kidd v. Montague, and other cases cited for the appellants, is clear : here, the husband could not reduce the property to possession during coverture.

RICE, C. J.—The bill of exceptions shows, that all the property in the hands of Peter C. Boaz, as the administrator of his deceased wife, Ann W. Boaz, and for distribution, had been received by him, as her administrator, from the executors of the will of her deceased father, William Hardy, sr., under the ninth clause of said will, upon a final settlement of his estate, after Amanda F. Hardy, the testator's youngest daughter, had become of age.

That property was not reduced into possession by the said Peter, as husband, during the life of his said wife ; and therefore he has no right to retain or have any part of it, as his own individual property, unless that right is conferred on him by the 8th section of the act of February 13th, 1850, entitled " an act to alter and amend an act securing to married women their separate estates, and for other purposes, approved March 1st, 1848."—Pamph. Acts of 1849–50, pp. 63–65. So much of that section as is applicable to this case, is in the

following words : " That upon the death of any woman intest-
ate, *and having a separate estate as provided by the first section
of this act, or of the act to which this is an amendment,* leaving
a husband living, such husband shall be entitled to one half
of *such estate,* absolutely, if the said estate be personal, and for
his lifetime, if said estate be real."

The first section of that act, and the first section of the act
to which it is an amendment, referred to in the 8th section
above copied, are in words and substance the same, and read
as follows : " That if any woman, before and at the time of
marriage, shall have and own any property, or estate, whether
the same be real, personal, or mixed, in possession, remainder,
or reversion ; or, if any such estate shall, after marriage, by
descent, gift, devise, or otherwise, accrue to any woman, all
such estate and property shall be taken, held, and esteemed
in law, as the separate estate of such woman, and for her sole
and separate use, notwithstanding her coverture ; and no
husband shall, by his marriage, acquire a right to the property
which his wife had upon his marriage, or which she may after
acquire by descent, gift, devise, or otherwise, except as is
hereinafter provided for."

The only estate of the deceased wife, to which the 8th
section of the act of 1850 gives the surviving husband any
right, is a separate estate secured to her either by the first
section of that act, or by the first section of the act of 1848,
and owned by her at her death under the provisions of one
of those acts.—Cunningham v. Fontaine, 25 Ala. Rep. 644 ;
Willis v. Cadenhead, 28 Ala. R., and the authorities therein
cited ; Henry v. Hickman, 22 Ala. R. 685.

It does not appear that the deceased wife of the said Peter
C. Boaz, at the time of her death, had any such separate
estate. The interest which accrued to her under the 9th
clause of her father's will, vested in her at his death in 1842,
and was not at that time a separate estate, either by the com-
mon law, or by any statute then of force in this State. And
as that interest had accrued to her before the acts of 1848
and 1850 were passed, it is not affected by their provisions.
Those acts have no retroactive effect upon estates which had
accrued to, and vested in the wife, before they were passed,
but operate only as to property or interests which accrued to,

or were acquired by the wife, after their passage.—Kidd v. Montague, 19 Ala. R. 619 ; Manning v. Manning, 24 Ala. Rep. 386 ; Willis v. Cadenhead, and other cases cited *supra.*

Our conclusion is, that the surviving husband (the said Peter C. Boaz) is not entitled, under the 8th section of the act of 1850, or under any other law, to any part of the interest or property which accrued to and vested in his deceased wife under the 9th clause of her father's will ; and that as she died intestate, leaving no child nor descendant of any child, but leaving brothers and sisters, her brothers and sisters are her heirs-at-law, and entitled as such to have her said interest or property distributed among them.—Clay's Dig. 168, § 2 ; *ib.* 191, § 1.

The decree of the probate court, being in conflict with the law as hereinabove declared, is reversed, and the cause remanded.

STONE, J., not sitting.