|39   133|
|105  445|

## PERRYMAN *vs.* GREER.

[BILL IN EQUITY TO ENJOIN SALE UNDER MORTGAGE.]

1. *When distributive interest in decedent's estate accrues.*—A distributee's interest in the estate of a decedent accrues by operation of law, under the statute of distribution, at the death of the intestate, and not by virtue of the subsequent division of the estate, which only converts his equitable interest into a legal right.

2. *Division of estate by consent.*—The distributees of a decedent's estate, all being adults, may divide the estate among themselves by agreement; and such division, when made, will be sanctioned and upheld in equity.

3. *Wife's power to alienate separate estate.*—Where a married woman is authorized, by private statute, to acquire and hold property as a *feme sole*, to the exclusion of her husband's marital rights, but is restrained from alienating after-acquired property, during coverture, except by last will and testament, the statutory restraint on alienation does not apply to her distributive share of a decedent's estate, which vested in her before the passage of the statute, although it appears that, on the division of the estate by consent among the distributees, her share was retained in the hands of the administrators, to await the result of a chancery suit, instituted by her, against her husband, for the purpose of having her distributive interest secured to her separate use, and that a decree in her favor was not rendered until after the passage of the statute; and her power of alienating such property being unaffected by the statute, she is competent, in the view of a court of equity, to convey it by mortgage with power of sale.

APPEAL from the Chancery Court at Mobile. Heard before the Hon. N. W. COCKE.

THE original bill in this case was filed, on the 2d April, 1860, by Mrs. Sarah Greer, suing by her next friend, against Erastus S. Perryman, Martin Greer, (who was her

husband,) and James Greer; and sought to enjoin the sale of certain slaves, which belonged to the complainant, under a mortgage executed by her and her husband to Perryman, and to have the mortgage declared null and void. The mortgage, which was dated the 4th February, 1860, was executed by the complainant and her husband for the purpose of securing the defendant Perryman against his liability as an accommodation endorser of a bill of exchange, which was drawn by the complainant and her husband, in favor of James Greer, who was their son, and by whom said bill was accepted; and it contained a power of sale, in the event that the mortgagee was compelled to pay the bill at maturity. The bill alleged, that by an act of the general assembly of Alabama, approved on the 23d January, 1845, the complainant was declared capable of receiving and holding property as a *feme sole,* but was restrained from alienating property afterwards acquired by her, during coverture, except by last will and testament; that the slaves conveyed by the mortgage were acquired by her after the passage of this act, and that the mortgage was therefore void as to her.

The act of the legislature referred to, which is entitled " An act for the relief of Sarah Greer, of Wilcox county," is in the following words: "*Be it enacted,*" &c., " That, from and after the passage of this act, Sarah Greer, wife of Martin Greer, of Wilcox county, shall be capable in law of receiving and holding by gift, purchase, or inheritance, any property, real and personal, in the same manner, and to the same extent, that a *feme sole* may do; and the property which she may hereafter acquire, by gift, inheritance, or purchase, as aforesaid, shall be free from liability for or on account of any of the debts of her said husband. *Provided,* that the said Sarah Greer shall be wholly incompetent to contract with her said husband, in reference to any property she may hereafter acquire by deed, gift, purchase, or inheritance, in any manner whatever. *And provided further,* that she shall be wholly incompetent to sell and dispose of the same in any manner whatever, during coverture, except by last will and testament."—Session Acts of 1844–5, p. 172.

Martin Greer and James Greer were duly served with

subpœna, but the record does not show that either of them ever filed an answer, nor that a decree *pro confesso* was entered against them. The defendant Perryman answered, denying that the complainant acquired the negroes after the 23d January, 1845, and averring, on the contrary, that she received them as her distributive share of the estate of her deceased brother, Hugh Bethea, under an agreement among the several parties interested in the distribution of said estate, which was entered into and dated the 3d January, 1844, and which was made the foundation of a decree of distribution rendered by the probate court in February, 1844. He also filed a cross bill, asking a foreclosure of the mortgage, and a sale of the negroes to satisfy the debt secured by it. The opinion of the court states all the material facts connected with the complainant's title to the slaves, as disclosed by the evidence.

On final hearing, on pleadings and proof, the chancellor dismissed the cross bill, and rendered a decree for the complainant on the original bill; and his decree is now assigned as error by the defendant Perryman.

J. L. SMITH, for appellant.
DARGAN & TAYLOR, *contra.*

A. J. WALKER, C. J.—On the 23d January, 1845, an act of the legislature was passed, which declared that, from and after its passage, Sarah Greer, a *feme covert*, should be capable "of receiving and holding property by gift, purchase, or inheritance," as a *feme sole ;* and that property thereafter acquired, by gift, inheritance, or purchase, should be free from liability to her husband's debts ; and that she should be incompetent to "sell and dispose of" such property, during coverture, except by last will and testament.—Pamphlet Acts, 1844–5, p. 172. When this act was passed, Mrs. Greer was a distributee of the estate of her brother, who died in 1843; and the property had been divided according to the written agreement of all the distributees, they being adults, and two of them being the administrators of the estate; and the share of Mrs. Greer had been left in the possession of one of the administrators, to

await the determination of a chancery suit, instituted before the division by Mrs. Greer, to have her distributive share settled upon her. The chancery suit terminated in May, 1845, in a decree settling the property previously allotted in the division above named to Mrs. Greer's separate use. The equity of the bill in this case depends upon the question, whether the property acquired by Mrs. Greer, as the distributee of her deceased brother's estate, was, by virtue of the act of 23d January, 1845, incapable of alienation, and whether her mortgage of the same was not therefore void.

The right of a distributee attaches upon the death of the intestate. The interest then accrues, and the subsequent division serves to ascertain and define, convert into a legal right, and reduce to possession, an equity which existed before in the form of a *chose in action*, cognizable in chancery. Therefore, the property which the distributee of an estate receives under the statute of distribution, does not accrue to the distributee by virtue of the division or reduction to possession, but in consequence of a right springing up upon the death of the intestate. The point has been several times so ruled by this court. In *Hardy v. Boaz*, (29 Ala. 168,) it was decided, that the right of the husband, in reference to an undivided share in a residuary legacy to the wife, was not to be governed by the law of 1850, concerning separate estates of married women; the testator having died in 1842, but the property having been received after 1850. The court remarked, that the interest of the wife vested in her at the death of the testator. In *Kidd v. Montague*, (19 Ala. 619,) an estate had been in process of administration before the passage of the act of 1st March, 1848, securing to married women their separate estates. The estate was settled after the passage of that act. The court decided, that the form of a decree for the distributive share of a married woman, who was one of the distributees, should conform to the supposition, that the interest did not fall under the operation of the above-named act. See, also, *Sharp and Wife v. Burns & Coles*, 35 Ala. 653.

Before the act of 23d January, 1845, Mrs. Greer not only had the right of a distributee in the estate of her deceased brother, but that right had been ascertained and

defined by a division among the distributees, all of whom were adults, to which the administrators had assented by signing the agreement. The division thus made was a legal one.—*Marshall v. Crow*, 29 Ala. 278. It is clear, that whatever right Mrs. Greer had to the property accrued to her before the passage of the act of 23d January, 1845. That only affects after-acquired property, and can not, therefore, influence the alienable quality of what was received by her as distributee.

The bill in chancery, which was filed to enforce the wife's equity, and procure a settlement to her separate use, was not designed to originate a new title to property, but simply to exclude the marital rights of the husband in property which had already accrued. There is, therefore, no just reason to support the proposition, that the decree in chancery fixes the time when Mrs. Greer acquired the property.

As to the policy and validity of legislation, which deprives a *feme covert* of all capacity to alien or charge her property except by will, we mean to make no intimation.

We entertain no doubt, that a *feme covert* is competent, in the view of a court of equity, to convey her separate estate, existing otherwise than under our statute, and to confer a power of sale in her mortgage of it.—*Roper v. Roper*, 29 Ala. 247 ; *Demarest v. Wynkoop*, 2 Johns. Ch. R. 144; *Pybus v. Smith*, 1 Vesey, Jr. 189 ; *Essex v. Atkins*, 14 Vesey, 542. As the husband and wife joined in the execution of the mortgage, the property was liable to be sold under it, whether the property belonged to the husband or wife. Therefore, the bill is without equity, no matter whether the title was with the one or the other ; and we will not inquire into the question of right as between husband and wife.

Reversed and remanded.