# Halliday *v.* Jones.

*Motion to Subject Wife's Statutory Estate to Payment of Judgment Obtained Against Husband for Articles of Comfort and Support of the Family, &c.*

1. *Free-dealer; effect of statute conferring rights of, on wife.*—An act of the General Assembly declaring a married woman "a free-dealer, with the right to sue and be sued, and to manage her own estate," destroys the husband's statutory trusteeship; and, so far as concerns it, on all contracts thereafter made, repeals the provisions of the Code subjecting the statutory estate of married women for articles of comfort and support of the household.

2. *Same; act has prospective operation; liability for articles of comfort, &c., furnished before such act passed.*—Such an act can only have a prospective operation; and for articles of comfort and support furnished before its passage, the estate remains liable afterwards, and may be subjected under the provisions of the Code subjecting statutory estates for such articles.

3. *Charge given or refused; when bill of exceptions must show error.* Where error in the giving or refusing of charges depends upon the testimony introduced, the bill of exceptions must disclose the evidence which puts the court in error; and in the absence of such showing, it must be presumed that the state of the evidence justified the action of the court.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JAMES E. COBB.

This was a motion to subject the separate statutory estate of Mrs. Sidney Jones, to the payment of a judgment heretofore rendered in favor of D. T. Halliday, the plaintiff and appellant, against F. G. Jones, husband of said Mrs. Jones, on the ground that said judgment was obtained in a suit on an account for articles of comfort and support of the family, and for which the husband was liable at common law.

[Halliday v. Jones.]

Defendant demurred to the motion, on the grounds, *first,* that the facts set forth in the motion are insufficient to charge her separate estate; and for special grounds of demurrer, says, *second,* because the motion nowhere alleges that the goods contracted for were for the household of this defendant or her said husband; *third,* because the estate of defendant is alleged to be held by her under act of 1848, and said act .does not give the summary right by motion; *fourth,* because said motion nowhere alleges what articles were sold to defendant's husband.

The demurrer was overruled. Several pleas were filed, and demurrers to some of them sustained, and others overruled.

The evidence of the plaintiff showed that the property was the statutory separate estate of defendant at the time the .articles were purchased, and (the bill of exceptions states) were so held by said F. G. Jones, as her husband and statutory trustee, and that said property is still held by her, since the act of the legislature, approved February 21, 1870, creating Mrs. Sidney Jones a free-dealer.

The defendant offered said act in evidence, to which plaintiff objected, on the grounds, *first,* that such act was uncon-.stitutional; *second,* because the act was passed after the debt for the articles was incurred by her husband; *third,* because the same can not operate to defeat the plaintiff's right to have his judgment satisfied out of her separate estate; *fourth,* because the legislature did not intend to defeat plaintiff's right, by declaring her a free-dealer, &c.; *fifth,* and for other reasons. The objections were overruled, and plaintiff excepted.

It is admitted by the parties that the proceedings in which .said judgment was rendered, and the proceedings in this motion, were commenced after the 21st day of February, 1870.

The court, at the request of defendant in writing, charged the jury in effect, "that the act introduced in evidence de-.stroyed the trust relations between said F. G. Jones and defendant, and that plaintiff can not recover, if the jury believe that defendant is the Mrs. Jones mentioned in the act," to which charge plaintiff excepted.

The plaintiff then asked the court in writing to charge the .jury in substance, as follows: "If the jury believe that the articles on which the judgment was recovered against said F. G. Jones, were necessaries for comfort and support of the household, &c., and were bought and used in the family of .said Jones, prior to the 21st of February, 1870, and that

[Halliday v. Jones.]

defendant had the statutory separate estate, described in the motion and notice to her at the date of the purchase of said articles, and had the same estate at the time of the motion and notice, and still has such estate, the said act can not defeat the plaintiff's right to have said estate of the wife sold to pay the same;" which charge was refused, and plaintiff excepted.

The several rulings of the court are now assigned as error.

GEO. P. HARRISON, Jr., and WM. H. BARNES, for appellant. (No briefs came to Reporter.)

SAMFORD & DOWDELL, contra.—1. There was no error in admitting in evidence the act of legislature making Mrs. Sidney Jones, of Lee, a free-dealer. That question was in issue under defendant's plea, and the act of legislature was legal and relevant evidence.

2. The charge asked in writing by defendant, and given by the court, asserts a correct proposition of law. The bill of exceptions does not purport to set out all of the evidence, and when the appellant seeks to have the ruling of the court reversed, this court will presume in favor of the court below, that there was evidence to authorize the giving of the charge asked. So far as the record shows, the court might well have charged the jury generally to find for the defendant. There was no proof that the articles sold by plaintiff were articles of comfort and support—suitable to condition and degree of family—and hence there could be no possible injury to plaintiff in the giving of the charge excepted to.

3. The charge asked by plaintiff was abstract. There was no proof, as above stated, that the articles sold were articles of comfort and support suitable to condition and degree of the family in life, and until that is shown, there could not, under the law, possibly be a recovery.

STONE, J.—The record in the present case contains no evidence that the articles, in payment of which Mrs. Jones' property is sought to be condemned, are of the class or classes for which her statutory separate estate is liable.—Code of 1876, § 2711. Neither is there any evidence that the articles, or any of them, were purchased before February 21, 1870, the date of the enactment of the statute declaring Mrs. Jones a free-dealer, with the right to sue and be sued, and to manage her own estate. This statute, from the date of its approval, changed her own status, and that of her property. Her husband thenceforth ceased to be her trustee, because

she was empowered to manage her own estate. This was incompatible with her husband's right as trustee to manage and control her property under section 2706 of the Code,. and necessarily repealed the latter so far as she and he were concerned. His trusteeship was given by statute, and could be and was taken away by the statute of February 21, 1870. From that time forth all the provision of the law which declare when and in what manner the statutory separate estate of the wife may be charged for articles of comfort and support of the household, ceased to be applicable to Mrs. Jones' estate. But its operation was only prospective—that is, it operated only on purchases afterwards made. As a rule statutes are not intended to have a retrospective operation.. To give this statute that effect, would be to take away vested rights.—*Coosa River Steamboat Co. v. Barclay*, 30 Ala. 120,. and authorities cited; *Wilson v. Matthews*, 32 Ala. 332; *Holman v. Bank of Norfolk*, 12 Ala. 369; *Howard v. Bugbee*, 24 How. U. S. 261. So, the form of proceedings given by the Code was still of force for the enforcement of liabilities incurred before the enactment of the statute of February 21, 1870. As to all purchases after that time, Mrs. Jones was a free-dealer, with the powers and liabilities of a *feme-sole.*

In the absence of evidence that the purchases, or some of them, on which this proceeding was instituted, were made before Mrs. Jones was made a free-dealer, the Circuit Court is not shown to have erred in charging the jury that the act of February 21, 1870, "destroyed the trust relations between F. G. Jones and Sidney Jones." We can presume there was evidence, not shown, which rendered this charge improper. And, on the same principle, there is no evidence shown which puts the court in error, in refusing to give the charge asked by plaintiff. Each of these rulings would have been error, if there had been evidence that the purchases were made before February 21, 1870, and that the articles were of a class which the law makes a charge on the statutory separate estate.—1 Brick. Dig. 336, § 12; *ib.* 338, § 41.

Affirmed.