## Cook *v.* Meyer Bros.

### *Trial of Right of Property.*

1. *Statutes in derogation of common law; rule of construction.*—A statute in modification or derogation of the common law will not be presumed to alter it further than is expressly declared, the presumption being that the language and terms of the statute import the alteration or change it was designed to effect, and their operation will not be enlarged by construction or intendment.

2. *Repeal of statutes by implication not favored.*—A subsequent statute, if not directly repugnant to a prior statute, will not operate its repeal; and if there be a discrepancy, such exposition should be made, if practicable, that both may stand together; but if a direct repugnancy exists, to the extent of such repugnancy, the later statute must prevail.

3. *Rents, income and profits of wife's statutory estate; husband alone must sue for recovery of.*—The wife can not sue for the recovery of the rents, income and profits of her statutory separate estate, but for their recovery the husband, while he is in the relation of trustee, must sue alone; and if by his own act he has estopped himself from asserting title to them, there can be no recovery.

4. *Decree relieving married woman of disabilities of coverture; its effect on husband's trusteeship of statutory estate.*—A decree of the chancellor, under the statute (Code, 1876, § 2731), relieving a married woman of the disabilities of coverture as to her statutory and other separate estates, etc., does not operate to remove the husband from the trusteeship of her statutory separate estate, or to deprive him of the right to take the rents, income and profits thereof, or to entitle her to receive or sue for the same.

APPEAL from City Court of Selma.

Tried before Hon. JONATHAN HARALSON.

This was a trial of the right of property under the statute in and to certain seed cotton, which had been levied on by the sheriff of Dallas county, under an attachment issued out of said court at the suit of Meyer Bros., the appellees, against Lewis Taylor and Jordan Craig; and which was delivered to Mrs. Octavia Cook, the claimant in the court below, appellant here, on her making the affidavit, and giving the bond required by the statute in such cases. The cause was tried on an issue made up under the statute, the trial resulting in a verdict in favor of the plaintiffs, and a judgment condemning the cotton to the satisfaction of their demand against the defendants in attachment.

On the trial, it was shown that Octavia Cook, the claimant,

[Cook v. Meyer Bros.]

and one Albert Cook intermarried in the year 1870, and had ever since resided together as man and wife in Dallas county, in this State; that on 2nd December, 1880, Albert Cook rented lands belonging to the claimant's statutory separate estate, and situate in said county, for the year 1881, to Lewis Taylor and Jordan Craig, the defendants in the attachment, taking their promissory note for the rent, payable to himself on 1st October, 1881; and "about the close of the year, 1880," for a valuable consideration, he indorsed said note to the plaintiffs; that on 14th March, 1881, the claimant was relieved, under the statute, of the disabilities of coverture, by a decree made and entered on her petition for that purpose by the judge of the City Court of Selma; and that the cotton levied on and claimed in this case was grown in the year 1881, on the lands for the rent of which said note had been given, and had been turned over to the claimant by said Taylor and Craig, in payment of the rent of said lands for said year, after her disabilities of coverture had been removed, and before the levy of the attachment had been made, and it was in her possession when the levy was made. The claimant also introduced evidence tending to show that she never consented to the transfer and indorsement of said note to the plaintiffs, and that in March, 1881, so soon as she heard of it, she informed the plaintiffs that the note was her property, and that she would collect the rents for which it was given. The attachment papers were also read in evidence, and the value of the cotton was shown. The bill of exceptions purports to set out all the evidence, the substance of which, so far as it bears on the question decided, is stated above.

Exceptions were reserved by the claimant to instructions given, and to the refusal of instructions requested by her in writing; but as the only question raised by them, which is decided by the court, is stated in the opinion, it is not deemed necessary to set them out. The rulings of the court on these instructions are here assigned as error.

SATTERFIELD & YOUNG, for appellant. (1) The husband is entitled to the income of the wife's statutory separate estate, merely because he is not required to account for it; but it is the purpose of the law that he should use it for the support of the family.—*Patterson v. Flanagan*, 37 Ala. 513; *Reese v. Smyly*, 53 Ala. 102; *Bell v. Locke*, 57 Ala. 245; *Chambers v. Richardson, Ib.* 85; *Baker v. Flournoy*, 58 Ala. 650; *Lee v. Tannenbaum*, 62 Ala. 507; *Shulman v. Fitzpatrick, Ib.* 571; Code, 1876, § 2706. When the husband ceases to be trustee, the wife takes the after accruing rents, whether the husband had previously assigned them or not, as he could give no better title than he had, and any purchaser from him would take with

[Cook v. Meyer Bros.]

the knowledge, that he might die, or be removed as trustee before the rent would fall due.—See *Hays v. Cockrell*, 41 Ala. 85 ; *Dent v. Slough*, 40 Ala. 523.   (2) The husband ceased to be trustee, and ceased to have any control over the rents, when the wife's disabilities were removed.   Married women whose disabilities have been removed, have the right "to buy, sell, *hold*, convey and mortgage real and personal property, and to sue and be sued as *femes sole.*"—Code, 1876, § 2731.   The wife *hold*s her property, in such case, as a *feme sole*, and, consequently, it can not remain vested in her husband as her trustee, as provided in section 2706 of the Code.   This point discussed, and following authorities cited in argument : *Holt v. Agnew,* 67 Ala. 360 ; *Perryman v. Greer*, 39 Ala. 133 ; *Holliday v. Jones*, 57 Ala. 525.   (3) The wife then became entitled to the rents falling due thereafter, notwithstanding they had been previously assigned by her husband.   Her property then came back to her freed from the trusteeship, and the rent, never having been severed, went with the reversion.

WHITE & WHITE, *contra*.   (1) A note given for the rent of the wife's statutory separate estate during the marriage is the property of the husband, and may be sold or transferred by him.—*Murphree v. Singleton*, 37 Ala. 412 ; *Hollifield v. Wilkinson*, 54 Ala. 275 ; *Westmoreland v. Foster*, 60 Ala. 448. He is a *quasi* trustee, but without accountability ; and if he disposes of the note, although in violation of his trust, the sale is good, and neither he nor his transferee is accountable to the wife.—*Lee v. Tannenbaum*, 62 Ala. 501.   (2) The note for the rent having been disposed of by the husband, there was a severance of the rent, and the doctrine that the rent belongs to the party owning the reversion at the time the rent falls due, does not apply.—Taylor on Land. & Ten. 447 ; *Demarest v. Willard*, 8 Cowen, 209 ; *Perrin v. Lepper*, 34 Mich. 292 ; *Watson v. Hunkins*, 13 Iowa, 547 ; *Tubb v. Fort*, 58 Ala. 277 ; Wash. on Real Prop. m. p. 338.

BRICKELL, C. J.—There are numerous exceptions reserved to instructions given the jury, and the refusal of instructions requested, on the trial in the city court, which it is not necessary to consider separately.   There is no material conflict in the evidence, and the question decisive of the case is, whether a decree of the chancellor, rendered under the statute (Code of 1876, § 2731), relieving a married woman of the disabilities of coverture as to her statutory and other separate estates, so far as to invest her with the right "to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole*," operates *proprio vigore* to remove the husband

from the trusteeship of her statutory separate estate, disentitling him to take its rents, income and profits, and entitling her to receive or to sue for them. This question we are constrained to answer negatively, and the consequence is, that the appellant was without title to the cotton upon which the attachment was issued.

It is a recognized rule of statutory construction, that a statute in modification or derogation of the common law will not be presumed to alter it, further than is expressly declared. The presumption is, that the language and terms of the statute import the alteration or change it was designed to effect, and their operation will not be enlarged by construction or intendment.—1 Kent, 464; Sedgwick on Stat. & Con. Law, 267, n. *b*. The rule is also settled, that the repeal of statutes by implication is not favored; and a subsequent statute, if not directly repugnant to a prior statute, will not operate a repeal of the latter. If there be a discrepancy, such exposition should be made, if practicable, that both may stand together; but if a direct repugnancy is proved to exist, to the extent of such repugnancy, the later statute must prevail.— *Wyman v. Campbell,* 6 Port. 219; *George v. Skeates,* 19 Ala. 738; *Rawls v. Kennedy,* 23 Ala. 240; *Pearce v. Bank of Mobile,* 33 Ala. 693.

The rule of construction to which we have first referred, has been applied to the statutes creating and defining the separate estates of married women; they have not been construed as enlarging the capacity of the wife to contract, or to take, hold, or administer property, further than the words, fairly and reasonably construed according to their natural import, expressly declare.— *Gibson v. Marquis,* 29 Ala. 668; *Canty v. Sanderford,* 37 Ala. 91; *Alexander v. Saulsbury Ib.* 375; *Warfield v. Ravesies,* 38 Ala. 518; *Reel v. Overall,* 39 Ala. 138. And it has also been applied to private statutes, changing the common law *status* of a married woman, enabling her to hold and acquire property, in exclusion of the marital rights of the husband.—*Hatton v. Wier,* 19 Ala. 127; *Perryman v. Greer,* 39 Ala. 133. The statutes are regarded as enabling the wife; as removing the disability imposed by the common law upon her, as well as disabling the husband, or depriving him of rights which at common law resulted from the marriage. The ability conferred upon the wife is not general, but is exceptional; and the common law prevails, save so far as it is expressly or by necessary implication changed by the statute. The contracts of the wife which are valid must be of the precise character expressed in the statute, and made in the precise manner the statute prescribes; and rights asserted by her must

[Cook v. Meyer Bros.]

be derived from the statute, and asserted by the remedies the statutes appoint.

The statutes creating and defining the separate estate of the wife declare that the property "vests in the husband as trustee, who has the right to manage and control the same, and is not required to account with the wife, her heirs, or legal representatives, for the rents income and profits thereof; but such rents, income and profits are not subject to the payment of the debts of the husband."—Code of 1876, § 2706. It is as trustee, freed from liability to account, the husband takes "the rents, income and profits." When the statute in its entirety is read, it is manifest a gift of them to him was not intended. The duty and liability of maintaining the wife and the children, constituting the family of which he is the head, remain as devolved upon him by the common law; and if he has the ability, he is bound to its discharge, whatever may be the character or value of the estate of the wife. It is in the conjoined relation of husband, the head of the family, and of trustee of the property of the wife, that he takes the rents and profits, that he may discharge the common law duty of maintaining wife and children, in keeping with their social position, and the degree of the separate estate. Taking them in their conjoined relation, he is relieved from liability to account, because such liability would involve an invasion of his authority as husband to regulate and control his domestic expenditures, provoking, possibly, litigation that would mar and destroy the peace of the family.—*Eskridge v. Ditmars*, 51 Ala. 245; *Boaz v. Boaz*, 36 Ala. 334; *Patterson v. Flanagan*, 37 Ala. 513; *Lee v. Tannenbaum*, 62 Ala. 501. The wife can sue alone at law or in equity for the recovery of the *corpus* of her estate; but she can not sue for the recovery of its rents, income and profits, nor can she recover them, where the recovery is merely incidental to a recovery of the *corpus*. The husband alone, while he is in the relation of trustee, can recover them; and if by his own act he has estopped himself from asserting title, there can be no recovery of them.— *Whitman v. Abernathy*, 33 Ala. 160; *Ryall v. Prince*, 71 Ala. 66.

The statute conferring upon chancellors jurisdiction to relieve married women from the disabilities of coverture is not general in its terms—it is limited and defined. All the disabilities coverture imposes are not removed. The capacity of a *feme sole*. is not conferred. The extent to which the married woman can be relieved, is only as to the statutory or other separate estate; and as to this estate, in the words of the statute, it is only so far "as to invest her with power to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole*." It has been heretofore

[Cook v. Meyer Bros.]

said of this statute, that, in the expressions it employs, there was much of legislative caution exercised; from the married woman relieved by the decree of the chancellor of the disabilities of coverture, a general capacity to contract is carefully withheld; the only contracts she is endowed with capacity to make, are such as touch and concern property.—*Ashford v. Watkins*, 70 Ala. 156; *Holt v. Agnew*, 67 Ala. 360; *Dreyfus v. Wolffe*, 65 Ala. 496. In the latter case it was said of the statute: "It is entirely enabling in its purpose. It does not in general terms constitute her a free-dealer, or confer on her all the powers of a *feme sole*. It specifies the extent to which such powers are conferred. This it does *ex industria*, for it is twice repeated in the statute." There are no words found in the statute, indicative of an intent to disable the husband, or to displace any right conferred upon him by pre-existing statutes, or to relieve him from the duties such statutes may devolve. If such was the operation of the statute, the result would be produced, because the specific powers conferred upon the wife are inharmonious, inconsistent with these rights and duties; in other words, it would be the result of implication, not of express legislative enactment. Ordinarily, when a statute is not in revision, or in substitution of former statutes; when it is merely cumulative legislation, it is not too much to say, that if the repeal of former statutes is contemplated, express language is used. For this and other obvious reasons, the general rule is, that the repeal of statutes by implication is not favored; and that if two statutes relating to the same subject-matter can be reconciled by fair and just construction, so that they will operate harmoniously, the repeal of the former by the latter will not be implied.

This and other statutes relating to the capacity of married women to take, hold, and administer property, form parts of a system, intended to supersede the common law upon the same subject. The policy pervading the system is not the disruption of the marital relation, nor is it the removal of responsibility, nor the displacement of the duty and authority of the husband as the head of the family. In that relation, with its responsibilites, duties and authority, it is intended he shall remain. His marital rights are lessened only so far as to deprive him of the capacity to take the property of the wife, as an incident of marriage. It would not be consistent with this policy, if the statute before us were construed as operating to remove him from the trusteeship of the wife's statutory estate, depriving him of the right to the rents, income and profits, which he takes in the conjoined relation of husband and trustee, and takes, that he may the better discharge the duty of supporting his wife and children, from which it could not be said the stat-

ute intends he shall be relieved. Endowing the wife with enlarged capacity in reference to her statutory or other separate estate, and with the capacity of suit as to transactions growing out of her contracts in reference to such property, is the plain purpose of the statute. An enlargement of the capacity of the wife may render less valuable, and may result in impairing or defeating the right of the husband to the rents, income and profits of her statutory estate; but while the statute remains, the trusteeship of the husband, and the consequent right to the rents, income and profits, are not inconsistent or repugnant to the capacity of the wife. Upon fair and just construction, the statute conferring upon him the right can be reconciled with the later statute conferring enlarged capacity upon the wife.

The case of *Halliday v. Jones*, 57 Ala. 525, is not inconsistent with these views. The special statute which was then of consideration (Pam. Acts 1869–70, p. 161), is very broad in its terms. The married woman is declared a "free-dealer," capacity of suit is conferred in unlimited terms, and it is declared she has the right "to manage her own estate." These words import that she was to be taken and considered as a *feme sole*, and as such to take her property under her own control and direction, in exclusion of her husband, and of interference from any source. No such words are introduced into the statute now under consideration, nor is their equivalent. All its words indicate only an enlargement of the capacity of the wife to acquire property, though her statutory or other separate estate, and to dispose of it, without converting her into a *free-dealer*, the term of frequent repetition in special statutes enacted to relieve a married woman from all disabilities of contracting and of administering property; the equivalent in that respect of a *feme sole*.

The decree of the chancellor, not displacing the trusteeship of the husband, and, of consequence, not entitling the appellant to take the rents, income and profits of her statutory separate estate, she was without title, legal or equitable, to the cotton claimed, and there was no error in the rulings of the city court prejudicial to her.

Affirmed.