# Robinson *v.* Walker *et al.*

### *Statutory Action in Nature of Ejectment.*

1. *Chancery decree removing disabilities of coverture ; execution of mortgage by wife alone.*—When a married woman has been relieved of the disabilities of coverture by a decree of the chancellor, authorizing her to mortgage her real estate (Code, § 2731), it is not necessary that her husband shall join with her in the execution of the mortgage.

2. *Conclusiveness of decree foreclosing mortgage.*—When a married woman, having executed a mortgage on her lands after the removal of her disabilities of coverture by decree of the chancellor, files a bill to enjoin a sale under the power contained in it, attacking its validity, setting up usury as a defense, and praying an account and general relief; she is estopped, as against a purchaser at the sale under the decree of foreclosure rendered in said suit, from afterwards assailing the validity of the mortgage, because her husband did not join with her in its execution.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JNO. P. HUBBARD.

This was an action to recover certain real estate in the city of Montgomery, and was tried on the following agreed statement of facts :

1. That on and before the 13th day of March, 1879, plaintiff was and is now a married woman, the wife of Patrick Robinson.

2. That on and before the 13th day of March, 1879, plaintiff was the owner of, and in possesion of, the property sued for, as part of her statutory separate estate under the laws of Alabama.

3. That the plaintiff made application to the chancellor, and her disabilities of coverture were removed. That afterwards, on the 20th day of March, 1879, H. H. Tatum, E. G. Tatum, and James Robinson drew, Berry Tatum accepted, and plaintiff endorsed, a bill of exchange, and to secure

[Robinson v. Walker *et al.*]

the payment of said bill of exchange, plaintiff executed on the property herein sued for, a mortgage. That A. B. Peck, the endorsee of said bill of exchange, paid to said H. H. Tatum, E. G. Tatum and James Robinson the amount of five thousand dollars on said bill of exchange.

4. That on the ninth of February, 1880, a new bill of exchange was drawn by E. G. Tatum & Co. (a firm composed of H. H. Tatum, E. G. Tatum and James Robinson), on, and accepted by, Berry Tatum, and endorsed by plaintiff to said A. B. Peck, as shown by the answer of A. B. Peck to the bill in chancery hereto attached as exhibit B; and the whole proceedings of the chancery case of *Margaret Robinson v. A. B. Peck et al.*, are considered in evidence in this case so far as legal.

5. That under the proceedings in said case of *Margaret Robinson v. A. B. Peck et al.*, the land sued for was sold by the register, and that at such sale, Hal. T. Walker, one of the defendants, bid off said land for the sum of seven thousand dollars, but transferred his bid to one I. H. Vincent, who paid the said amount to the register, and that after deducting costs and amount of the decree, the balance, viz: $1691.61, was paid to plaintiff in this suit, and the register made a deed to said Vincent.

6. That on bill filed by the *State of Alabama v. I. H. Vincent et al.*, the said property was held to belong to said I. H. Vincent, the plaintiff in this suit not being a party thereto, and under a decree rendered in said last mentioned cause, the property was sold by the register to Mrs. Walker, wife of Hal. T. Walker, and to her mother, Mrs. Ware, two of the defendants in this cause, and the register executed his conveyance in accordance with said sale. That since the said sale on, viz, the 2d day of April, 1884, the said Mrs. Walker and Mrs. Ware have been continuously in possession, and are now in possession of the property sued for, claiming the same as their own, and that the rents of said property since their possession have been worth fifty dollars per month.

The bill referred to in the statement of facts was filed in the name of Margaret Robinson alone, and alleged usury in the bills of exchange, that the money obtained on said bills of exchange was not for her own use, set up the invalidity of her mortgage to defendant, and prayed for an account, an injunction of sale of the mortgaged property, and for other, further, general or different relief. The defendants admitted usury; an account was taken, and the property sold under decree as above stated.

The court gave the general charge in favor of the defendants.

WATTS & SON, and R. M. WILLIAMSON, for appellant.

SAYRE & GRAVES, *contra.*

SOMERVILLE, J.—It is shown by the record that the appellant, Mrs. Robinson, a married woman, was, in March, 1879, on petition filed by her in the Chancery Court, regularly relieved of her disabilities of coverture under the provisions of section 2731 of the present Code, so far as to invest her with "the right to buy, sell, hold, convey and *mortgage,* real and personal property, and to sue and be sued as a *femme sole.*"—Code (1876), § 2731. The main question raised in this case is, whether she was thus invested with the capacity to mortgage certain real estate belonging to her under the statutes of the State, without the concurrence of her husband in the joint execution of the conveyance. Of her right to do this we can not entertain any doubt. We construe this statute to mean that when the wife is once regularly invested by a court of competent jurisdiction with the right to buy, sell and mortgage her property, and otherwise deal with it as authorized by the provisions of this statute, she may exercise each of these powers severally, in her own discretion, just as if she were a *femme sole*—that is, just as if she were unmarried, or had no husband. It could never have been intended to confer such a right, and then to practically nullify it by impliedly requiring her husband to unite with her in doing these several things. The very purpose of the statute was to emancipate her from the dominion of the husband, *pro hac vice,* in the execution of these powers, and to authorize her to sue and be sued alone in all actions or suits arising in reference to them. With this view all of the past decisions of this court fully harmonize. *Parker v. Roswald,* 78 Ala. 526; *Dreyfus v. Wolffe,* 65 Ala. 496; *Agnew v. Holt,* 67 Ala. 367; *Falk v. Hetch,* 75 Ala. 293; *Meyer v. Sulzbacher,* 76 Ala. 120; *Sims v. Adams,* 78 Ala. 395; *Cook v. Meyer,* 73 Ala. 580.

This conclusion is in no wise weakened by the fact that the mere removal of the wife's disabilities of coverture under this statute, does not work a removal of the husband from his position as trustee of her estate, nor deprive him of his right as husband to the rents and profits. *Cook v. Meyer,* 73 Ala. 580. It is not, in other words, the conferring of such powers on the wife which operates to take away the husband's rights, but the *execution* by her of

such powers, for so long as they are dormant they injure no one. There is no reason why this should not be so, at least, until she has actually exercised her right to sell, convey or mortgage. But when this is done, and she has actually put in operation the powers conferred, the rights of the husband must, *pro tanto,* yield to the legal results of such contracts, and be taken away to that extent. The trusteeship being given by statute, can be modified or abrogated in the same way, especially with the assent of the husband, as in this case, or after the requisite legal notice to him of the intention of the court to render a decree to this effect.—*Halliday v. Jones,* 57 Ala. 525 ; *Perryman v. Greer,* 39 Ala. 133. This is believed to be the construction commonly given this statute by the bar of the State, and acquiesced in by the judiciary since its enactment, and no doubt many titles have been acquired upon the faith of it. We have no doubt of its correctness, and if we had, would hesitate long before unsettling it.

2. There is another view fatal to the case of appellant. The question here raised as to the validity of her mortgage executed to Peck on the 20th of March, 1879, is *res adjudicata.* It was a question necessarily involved in the chancery suit embracing the foreclosure of this same mortgage, commenced by bill filed by the appellant, Mrs. Robinson, on January 3d, 1881, against A. B. Peck and others, in which a decree was rendered foreclosing the mortgage. Under this decree the property in controversy was sold and the appellees hold by privity of title with the purchasers at that sale. Having failed to successfully assail the mortgage in the first suit, the appellant can not be permitted to do so in the present litigation. The case presented is one of estoppel by judgment, being, as we have said, *res adjudicata.* It is not distinguishable in principle from *McDonald v. Mobile Life Ins. Co.,* 65 Ala. 358, or from the case of *Holden v. Rison,* 77 Ala. 515. Nor is this conclusion in conflict with anything decided in the case of *Callen v. Rottenberry,* 76 Ala. 169.

The decree must be affirmed.