# Memphis & Charleston Railroad Co. v. Bynum.

*Action against Railroad Company, as Common Carrier, for Cotton Burned.*

1.  *Husband and wife as parties; income and profits of wife's property, held under deed, or under statute.*—Under statutory provisions now of force (Code, § 2347), the wife is required to sue alone for the rents, income and profits of property belonging to her separate estate; but this provision does not apply to an action for the rents, income and profits of property which was conveyed by the husband to his intended wife, by ante-nuptial settlement executed in 1871, by which he reserved to himself the right to manage and control the property, and provided that it should "be held, managed and controlled by him as

trustee, according to the terms and provisions of section 2372 of the Revised Code of Alabama;" as to such rents, income and profits, the right of action is in the husband alone.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Mrs. Sarah M. Bynum, the wife of O. H. Bynum, against the Memphis & Charleston Railroad Company as a common carrier, to recover damages for the loss of several bales of cotton, which was burned on the platform of the defendant's depot at Courtland, in March, 1888; and was commenced on the —— day of ———, 188-. The cotton was a part of the rents and profits of certain lands which had been conveyed to the plaintiff by said O. H. Bynum, by ante-nuptial contract executed in February, 1871. By the terms of the conveyance, the grantor reserved to himself the right to manage and control the property, and provided that it was to "be held, managed and controlled by him as trustee, according to the terms and provisions of section 2372 of the Revised Code of Alabama." The evidence showed that O. H. Bynum was still living, and had always had the management and control of the property, receiving and controlling the rents and profits as provided by the deed. The defendant requested the court to charge the jury as follows: "It is not shown in this case that the plaintiff, Mrs. S. M. Bynum, was the owner of the cotton that was burned; and if the jury believe the evidence, they must find for the defendant." The court refused to give this charge, and the defendant excepted; and its refusal is now assigned as error, with other rulings which require no notice.

HUMES, WALKER & SHEFFEY, for appellant.—The wife could not sue, because the husband alone had such title to the rents and profits as would sustain a suit at law.— *Williamson v. Baker*, 78 Ala. 590; *Holifield v. Wilkinson*, 54 Ala. 276; *Lee v. Tannenbaum*, 62 Ala. 501; *Shaefer v. Sheppard*, 54 Ala. 244; *Bentley v. Simmons*, 51 Ala. 165; *Hays v. Cockrell*, 41 Ala. 71; *Dent v. Slough*, 40 Ala. 518; *Warfield v. Ravesie*, 38 Ala. 523; *Alexander v. Saulsbury*, 37 Ala. 375; *Bennett v. Bennett*, 34 Ala. 53; *Sterns v. Weathers*, 30 Ala. 712; *Pickens v. Oliver*, 29 Ala. 528; *Manning v. Manning*, 24 Ala. 386; 9 Am. & Eng. Encyc. of Law, 841.

THOS. R. ROULHAC, *contra*.—The provision in the deed did not take away the statutory nature of the separate estate created thereby; and the wife, therefore, had the right to bring the present action.—*Steed v. Knowles*, 79 Ala. 499; s. c.,

84 Ala. 205; *Boyett v. Potter,* 80 Ala. 476; *Bolman v. Overall, Ib.* 451; *DeBardelaben v. Stoudenmire,* 82 Ala. 574; *Warren v. Bennett,* 83 Ala. 208; *Jordan v. Smith, Ib.* 302; *Lee v. Lee,* 77 Ala. 419; *Perdue v. B. & L. Asso.,* 79 Ala. 480; *Webb v. Robbins,* 77 Ala. 176; *Grimball v. Patton,* 70 Ala. 626.

COLEMAN, J.—The plaintiff sued to recover the value of certain bales of cotton, alleged to have been destroyed by fire in March, 1888, while in the possession of the defendant as a common carrier. The cotton was grown on lands of the plaintiff conveyed to her by ante-nuptial contract executed by O. H. Bynum, in consideration of marriage, and was dated 25th February, 1871. The question of vital importance to plaintiff is, whether the deed of conveyance vested in her a statutory estate, subject to and changed by the subsequent act of the legislature of February 28th, 1887, or whether the rights and interest of the parties were so declared, vested, and fixed by the deed of conveyance that subsequent legislation could not alter, enlarge or restrict them. It can not be doubted that the parties, being *sui juris,* could make any contract in reference to the property they saw proper to make, if it did not contravene any statute or principle of public policy.

By section 2371, Revised Code of 1867, "all property of the wife held by her previous to the marriage, or which she may become entitled to after marriage, is the separate estate of the wife," &c.; and by section 2372 it is provided that property thus belonging to the wife vests in the husband as her trustee, who has the right to manage and control the same, and is not required to account for the rents, incomes or profits. Under the law as declared in the foregoing statutes it was clearly and definitely settled, that whenever the income, rents and profits of the wife's statutory separate estate is the subject of a separate suit, the husband should sue for them in his own name.— *Williamson v. Baker,* 78 Ala. 591; *Pickens v. Oliver,* 29 Ala. 528.

The act of February 28th, 1887, repealed pre-existing statutes creating and regulating the separate estates of married women, and introduced a new system, enlarging the interest of the wife, and her capacity to sue, and her liability to be sued, and annulled the title of the husband as trustee of his wife, and took from him all control over, right to, and interest in the incomes, rents and profits of her separate estate. The wife now must sue alone for the rent, income and profits of her separate estate (Code of 1886, § 2347), whereas under the previous statutes, we have seen, that the husband alone

[Memphis & Charleston Railroad Co. v. Bynum.]

could sue when such was the subject-matter of a separate suit.

As the statute had made the husband trustee for an estate made separate by statute, and gave him, as an incident to the relation of husband and trustee, the rents, incomes and profits, it was within the legislative power to abrogate or take from him the power and interest so vested in him by the statute. *Ramage v. Towles*, 85 Ala. 589; *Rooney v. Michael*, 84 Ala. 585; *Jordan v. Smith*, 83 Ala. 301.

The authority of the legislature to enlarge an estate of the wife held and owned by her, subject to conditions, the legal title to which was in the husband, and to alter and abolish the right of title of her statutory trustee, although an incident to his relation as husband, finds support and is maintainable on no other principle.—*Halliday v. Jones*, 57 Ala. 525; *Robinson v. Walker*, 81 Ala. 407. Neither the act of February 28th, 1887, nor any previous acts creating and regulating estates of married women, can be given a retroactive effect so as to interfere with rights which have become vested in third parties, or with any right created by contract. It is only the right created by statute which the statute can abrogate. The right by contract is preserved inviolate by the constitution.—*Shaefer v. Sheppard*, 54 Ala. 245; *Sterns v. Weathers*, 30 Ala. 713; *Hardy v. Boaz*, 29 Ala. 171; *Manning v. Manning*, 24 Ala. 386; *Kidd v. Montague*, 19 Ala. 619; *Maxwell v. Grace*, 85 Ala. 579.

In the case of *Smith v. Smith*, 30 Ala. 643, in construing Article 3, Chapter 1, title 5, part 2 of the Code of 1852, p. 380, relating to separate estates of married women, it was declared that this court had uniformly held that the words "separate estate" relate to estates made separate by law, and do not embrace those made separate "by the contract of parties;" that it did not relate "to estates which, independent of legislation, *would have been separate by operation of the instrument* or contract creating them;" and this construction has been uniformly applied ever since the decision of the case of *Short v. Battle*, 52 Ala. 461.

If the husband is made trustee, and the rents and profits are given to him by the deed of conveyance, it is not done by operation of law, but by the operation of the instrument. Such an estate would be valid and upheld without, and independent of, legislation. It can make no difference that the estate created by contract, in many respects may be similar to the one created by law—the one derives its existence and life from the contract of the parties, the other from statute, and no legislation can intervene and convert an estate by contract into statutory estate.

[Reed v. Mayor & Aldermen of Birmingham.]

The rents, incomes and profits belong to the husband, not by virtue of the statute, but by the contract of conveyance. It matters not that the conveyance created an equitable estate in the wife. There was no law to prevent the parties from contracting with each other as to who should be entitled to the income and rents during the life-time of the grantor, and for the remainder after her death. "If the wife have a separate estate created by deed, *and such deed contains no provision to the contrary*, the wife is entitled to the rents, incomes and profits."—*Smith v. Smith*, 30 Ala. 644. If the present suit was by the wife against the husband to recover the cotton, construing the contract in the light of surrounding circumstances, and looking at the intention of the parties, without the aid of so many authorities construing the married waman's law, we could not yield our assent to any construction of the agreement, which would take from the grantor his right to the incomes, rents and profits, which he was so careful to preserve in the grant for his own benefit and use. Under our construction of the contract and the law which governs it, the cotton belonged to the husband, and the wife can not maintain this action.

As this view of the question will probably be decisive of the case, it is unnecessary to consider the other questions raised by the record.

Reversed and remanded.

WALKER, J., not sitting.