## KING & CO. vs. HILL.

1. A *cestui que trust* of personal property cannot interpose a claim under our statute to try the right of property.

ERROR to the Circuit Court of Madison.
Tried before the Hon. George D. Shortridge.

An execution in favor of the plaintiffs in error was levied on certain slaves as the property of James W. Hill, the defendant in execution. A claim was interposed by the said James W. Hill in the name of his infant daughter, Mary Hill, and as her next friend, and bond given to try the right of property agreeably to the statute. On the trial of the claim suit the claimant introduced two deeds as evidence, each of which conveyed a part of the negroes in controversy to the said James W. Hill, as trustee, for the sole and separate use and benefit of his said infant daughter, Mary Hill. One of these deeds directs the trustee "to take charge of, hire, manage, control and direct" the slaves conveyed by it, "in that way which the trustee may deem most beneficial for his said daughter." The other provides that the trustee "shall take possession of the said slaves, and apply all profits arising from them and their future increase to the exclusive use, benefit and support of the said Mary Hill." The plaintiffs objected to the admission of each one of these deeds, but their objection was overruled, and they excepted. The plaintiffs asked the court to charge the jury "that said deeds, if valid, conveyed the legal title to the slaves in controversy to the said James W. Hill, in whose name alone the claim to said slaves could be made or sustained; and that upon said evidence the jury could not find the issue for the claimant." This charge the court refused to give, but charged the jury "that the beneficial interest being in Mary Hill, they might find for the claimant," to which plaintiffs excepted.

The admission of the deeds, the refusal to charge as requested, and the charge given are assigned for error.

C. C. CLAY, Jr., for plaintiffs in error.
1. The deeds from Williamson and Thompson conveyed

the legal title in the slaves to James W. Hill, the trustee. He was to take possession and keep it, at least during Mary's life. Consequently the deeds did not show such title in the claimant as made them admissible evidence under the issue. The proof must correspond with the allegations of the pleadings. The claimant alleged substantially that the property was hers: while the deeds showed that it was James W. Hill's. In regard to trust property, the legal title is in the trustee, who may, at law, recover the property from the *cestui que trust.* The *cestui que trust* cannot sue at law.—Gunn, Trustee v. Barrow, 17 Ala. Rep. 743; Marriott & Hardesty v. Givens, 8 ib. 694; Bissell & Carville v. Lindsay *et al.* 9 ib. 162; 14 Conn. 445; 8 Leigh, 604.

Where property is conveyed in trust for others, the trustee is regarded at law as the legatee, and the *cestuis que trust* are not necessary parties to a settlement of the administration.— Gaunt & Wife v. Tucker's Ex'rs, 18 Ala. Rep. 27.

2. In a claim suit the claimant cannot show an outstanding title in a stranger to defeat the execution.—Foster v. Smith, 16 Ala. Rep. 192; Frow v. Downman, 11 ib. 880; McGrew v. Hart, 1 Porter, 175.

D. C. HUMPHREYS, *contra:*

The deeds were properly admitted in evidence, their execution having been duly proven. Under them Mary Hill has a present right of present enjoyment. The right of property is in her by the terms and provisions of the deeds, for she is entitled to the sole use of the hires and profits of the slaves, and this use and benefit draws the right of possession, which right of possession gives the right of property.—Cook & Kennerly v. Smith, 12 Ala. Rep. 42.

In Strode *et al.* v. Clarke, 12 Ala. Rep. 621, the trial of the right of property was in the name of the infant by *prochein ami.* In McGrew v. Hart, 1 Porter, 175, the property belonged jointly to the claimant and another, and it was determined that when the claimant possesses an immediate interest in the property, this would authorize the interposition of his claim to show that defendant in execution *had none.*

In Graham v. Lockhart, 8 Ala. Rep. 9, it was held that the bond, required in a claim for a trial of the right of property,

may be given by one beneficially interested in the property. The fact that there is a trustee named in the deeds, will not prevent the beneficiary, who has the sole right to the use, enjoyment and benefit of the property, from availing herself of the provisions of the act, which was designed and intended for the speedy re-possession of property taken from its rightful owner. Suppose the trustee unwilling or unable to give bond for the trial of the right of property, surely the infant is not to be driven to the tedious and expensive remedy of a suit in equity.

DARGAN, C. J.—The sole question presented by the bill of exceptions is this: can the *cestui que trust* of personal property interpose a claim under our statute to try the right of property? I am fully satisfied that he can not. A court of law can look alone to the legal title—it cannot take cognizance of a trust; and looking alone to the legal title in the case before us, we find it in James W. Hill—not in the claimant; therefore her claim cannot prevail.

It has however been contended, that the previous decisions of this court warrant the ruling of the Circuit Court, and we are referred particularly to the case of Carleton & Co. v. Banks, 7 Ala. Rep. 32. But upon an examination of that case it will be found, that the slaves were conveyed to a trustee, with directions in the deed, to permit the beneficiary to have and retain the possession of them during her natural life, and to have and enjoy the profits thereof; and in pursuance of this deed, it appears that the slaves had actually come into the possession of the beneficiary and her husband, before they were levied on, and the claim was put in by the trustee. The court held that the deed did not create a separate estate in the wife, and that as the slaves *were in the actual possession of the husband*, they were liable at law for his debts. This is the substance of the whole case, and I fully agree with the court in the conclusion to which they came; though I admit that there is language used in the opinion delivered in that case, which, if not confined to the facts of it, would seem to hold doctrine which I could not sanction.

In the case before us however, the record expressly informs us that James W. Hill, the trustee, was in possession of the

slaves at the time of the levy, and neither of the deeds directs him to deliver the slaves to the claimant, or to permit her to have the possession of them. Under these circumstances, if we were to hold that Mary Hill, the claimant, had the legal title, we should break down the title of the trustee before the trust was executed. This no court can do, without a total disregard of the well settled rules of law.

I have examined all our decisions—I do not think any of them have escaped my search—and I have found none that countenance the idea that a *cestui que trust* can interpose a claim to property, and try the right at law, in his own name; but on the contrary, they seem to indicate the settled opinion of the court, that the claimant must show in himself a legal, and not a mere equitable title. In the case of Robinson & Caldwell v. Mauldin, 11 Ala. Rep. 477, it was said, that " when a trustee refused to make the affidavit, and take the steps necessary to the trial of the right of property, the *cestui que trust* may resort to equity to enforce the trust and protect his rights. And it it is well settled, that a mortgagee or trustee in a deed to secure debts, who has not the actual possession of the property, cannot interpose a claim *before the law day of the deed*, to try the right of property at law; and if the property be levied on *whilst* in the possession of the grantor, and before the deed is perfected, the mortgagee or trustee must resort to a court of equity to protect his rights;" thus showing clearly, to my mind, that this court has never countenanced the doctrine, that one who has an equitable title alone can interpose a claim in his own name, and succeed by showing a legal title in another for his use.

It is better to hold on to the plain landmarks that separate the jurisdiction of a court of law from that of a court of equity, than to overstep them to reach the justice of particular case; and we must hold that the court erred, as well in refusing the instruction prayed, as in the charge that was given.

Let the judgment be reversed, and the cause remanded.