# Newbrick & Brothers *v.* Dugan.

## *Trial of Right of Property.*

1. *Reexamination of witness; when not error to refuse.*—The reexamination of a witness, at the instance of a party who has already introduced and examined him, that he may repeat his testimony, rests with the discretion of the primary court, and the exercise of that discretion is not revisable. ·

2. *Charge, what erroneous.*—A charge on the trial of the right of property, between the wife and an execution creditor of the husband, that the possession of husband and wife jointly, is the possession of the husband, is erroneous and properly refused; when the evidence shows the wife had an equitable estate and was a "free-dealer," the law on such a case refers the possession to the title.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN K. HENRY.

This was a trial of the right of property, which had been levied on under execution in favor of appellants, against James Dugan, husband of appellee. The property levied on, consisted of a portion of a stock of goods, in a store, which formerly belonged to the husband. At the time of the levy, the store was carried on in the wife's name, and she and her husband together attended to the business. Some time before this, she had been made a free-dealer. There was evidence tending to show that she had purchased the goods with her own moneys, and was in possession of them in her own right; and also evidence tending to show that the goods were the property of the husband.

Appellant requested the following charge in writing: "The

[Newbrick v. Dugan.]

law presumes that the possession of the wife and the husband jointly, is the possession of the husband; and that when the wife sets up title on herself to such property, it devolves upon her to establish her claim." The court refused the charge and appellants excepted.

During the progress of the trial, appellants reserved an exception to the refusals to allow appellants to reexamine a witness. The facts material to this ruling are sufficiently stated in the opinion. The refusal of the charge, and the refusal to permit the reexamination of the witness, are now assigned as error.

WHITEHEAD & DAVIDSON, for appellant.—It was error to refuse to allow the witness to be recalled. It could not be anticipated what the claimant would testify to. The recall of the witness was a matter of right; and as the court can not see that appellants were not injured, there must be a reversal. The charge should have been given.—5 Ala. 770; 19 Ala. 192.

CREEN, NEVILLE & POSEY, contra.—The ruling as to the witness was within the discretion of the presiding judge, and the exercise of that discretion will not be revised. The charge asked was erroneous, when applied to the facts. It assumes a *joint* possession. The evidence upon this point was at least conflicting. The law refers the possession to the title.

BRICKELL, C. J.—A party has a clear legal right to reexamine his witnesses as to matters requiring explanation, or as to new matter, his adversary may have introduced. It is not within the discretion of the court to permit or refuse such examination, and if on a proper application, the right is refused, the refusal would be an error compelling the reversal of a judgment against him. No distinction can be made between the refusal of the right, and the refusal to admit any legal evidence.—1 Whart. Ev. § 572. It is within the discretion of the conrt to permit or refuse the reexamination as to matters in reference to which the witness has been examined, and the action of the court in this respect is not revisable on error.—1 Whart. Ev. § 574; *Towns v. Riddle*, 2 Ala. 694; *Gayle v. Bishop*, 14 Ala. 552. The witness, as the bill of exceptions states, had been examined by the appellants on his examination in chief, as to the same matters in reference to which it was proposed to reexamine him. So far as is

shown, the only purpose of a reexamination, was, that he should repeat his former testimony, rendering the conflict between his evidence and that of the appellee the more apparent to the jury. The reexamination for this purpose rested in the discretion of the court below, and the exercise of the discretion is not revisable.

2. Instructions to the jury, given or refused, must be construed in connection with the evidence on which they are based. When personal property was found in possession of husband and wife, the presumption at common law, was of title in the husband, because the wife was incapable of holding property, and of a possession distinct from that of the husband.—*Bell v. Bell*, 37 Ala. 536. But if the property was the equitable separate estate of the wife, the possession was referred to her title, and there was no room for the operation of the presumption of ownership in the husband.—*Newman v. James & Newman*, 12 Ala. 29; *Michan v. Wyatt*, 21 Ala. 813. The universal principle is, that when two persons are in the joint possession of property, the title being in one, the law refers the possession to the title.—*Bragg v. Massie*, 38 Ala. 105. The charge requested ignored the facts tending to show the title to the property rested in the claimant, and that she was a free-dealer, capable of holding property separate from her husband. If the title resided in her, the possession, if it had been shown to be held by her and the husband jointly, would have been referred to the title, and all presumption of title in the husband excluded. The charge requested was properly refused.

Affirmed.