# Meyer & Co. *v.* Sulzbacher.

## *Trial of Right of Property.*

1. *Conveyance by husband to wife; title conveyed equitable; claim suit.* A conveyance of personal property by a husband directly to his wife does not pass the legal title, but an equitable title merely, which, though coupled with possession, will not support a statutory claim suit in her name for the property, as against an attaching creditor of the husband.

2. *Same; claim suit for recovery of property thereby conveyed; in whose name instituted.*—In such case, the husband, as trustee for his wife, should interpose the claim; and if he refuses, she can then assert her claim in a court of equity.

APPEAL from City Court of Selma.

Tried before Hon. JON. HARALSON.

On the 2d December, 1882, M. Meyer & Co. sued out an attachment against George Sulzbacher, returnable to the City Court of Selma, which was, on the same day, levied on a stock of goods, wares and merchandise in a store-house in the city of Selma, as the property of the defendant in attachment. The property levied on was then claimed by Mrs. Bertha Sulzbacher, the wife of the said George Sulzbacher, and, on her

[Meyer & Co. v. Sulzbacher.]

making the statutory affidavit and bond it was delivered to her by the sheriff. The cause was tried by the court, without a jury, on an issue made up under the statute, the trial resulting in a judgment for the claimant.

The claimant claimed the property under a bill of sale executed by her husband, on the 2nd December, 1882, prior to the levy of the attachment, conveying the property directly to her. She was examined as a witness on her own behalf, and testified that when the bill of sale was executed, she took possession of the goods in the store. On cross-examination, however, her testimony on this point is as follows : " I was at the store when I got the bill of sale. Mr. Sulzbacher was there. I did not remain at the store long, about an hour. When I left, I left Mr. Sulzbacher there. I left the goods at the store where they were before. I did not change their position. I left Mr. Sulzbacher in possession. When I left, Mr. Sulzbacher was in charge." She was not at the store when the goods were seized by the sheriff. On behalf of the plaintiffs in attachment, the sheriff was examined, who testified " that the goods, when levied on under the attachment, were in the house on Water street, in the city of Selma, occupied by the defendant, George Sulzbacher, and that Sulzbacher had occupied that store and carried on a general merchandise business there several years." He further testified, on cross-examination, that Sulzbacher, at the time of the levy, " claimed that the goods were his wife's, and not his."

The finding and judgment of the primary court are here assigned as error.

Brooks & Roy, for appellants.

Jos. F. Johnston, *contra.*

STONE, J.—We can not assent to the argument, that Mrs. Sulzbacher, having taken possession under the bill of sale made by her husband, thereby converted her holding into a legal title, independent of the instrument under which she acquired it. The imperfection of her title, if imperfection it had, lay in the fact that her husband was incapable of vesting a legal title in her.—*McMillan v. Peacock,* 57 Ala. 127. Under the authority of that case, and of *Turner v. Kelley,* 70 Ala. 85, we feel bound to hold that Mrs. Sulzbacher's title was equitable, and would not support a claim in an action at law. Her husband, as her trustee, should have interposed the claim ; and, if he had refused, she then could have asserted her claim in the chancery court.—*Block v. Maas,* 65 Ala. 211 ; *Lehman, Durr & Co. v. Bryan,* 67 Ala. 558.

Reversed and remanded.