# McIlwain *v.* Vaughan & Wife.

*Trover for Conversion of Mules.*

1. *Gift by husband to wife, creating equitable estate.*—A gift of personal property by the husband to his wife directly, without the intervention of a trustee, creates in her an equitable separate estate, the legal title remaining in him as trustee.

2. *Parties; husband and wife.*—An action for the conversion of personal property, belonging to the equitable estate of a married woman, must be brought in the name of the husband as her trustee, when no other trustee is named in the deed, and can not be maintained in the names of husband and wife as co-plaintiffs.

APPEAL from the City Court of Selma.
Tried before the Hon. JON. HARALSON.
This action was brought by Cyrus Vaughan and Matilda, his

wife, against S. P. McIlwain, to recover damages for the conversion of two mules, named *Jane* and *Woolly*; and was commenced on the 3d April, 1883. Issue was joined on the plea of not guilty, and the cause was submitted to the decision of the court, as the bill of exceptions states, "on the law and the facts, without the intervention of a jury." On the evidence adduced, all of which is set out in the bill of exceptions, the court rendered judgment for the plaintiffs, for the mule *Jane*, which, as the evidence showed, was bought by said Cyrus Vaughan from the defendant's father, since deceased, and given by him to his wife, said Matilda. The gift was evidenced by a writing, which was produced, in these words: "Dec. 27, 1879. I give to my wife, Matilda Vaughan, for value received, one bay mule named *Jane*, one black and white cow named *May*, and one black and spotted sow named *Dinks*;" which was signed by said Cyrus Vaughan, and attested by one witness. The defendant duly excepted to the judgment of the court, and also to several rulings on evidence, which require no notice; and these rulings, with the judgment, are now assigned as error.

G. A. ROBBINS, for appellant.

J. S. DIGGS, *contra.*

SOMERVILLE, J.—The property, for the conversion of which the present suit is brought, is shown to have been the *equitable* separate estate of the wife, created by a direct gift made to her by her husband, and reduced to possession. The suit should, therefore, have been brought in the name of the husband alone, as trustee, and not in the names of the husband and wife jointly. The improper joinder of the wife, as one of the co-plaintiffs, presents a case of variance between the *allegata* and *probata*, which necessitates a reversal of the cause.—*McCall v. Jones*, 72 Ala. 368; *Pickens v. Oliver*, 29 Ala. 528.

We have examined the rulings of the court, and find no other reversible error in the record. The cause will be remanded, in order that the plaintiffs may amend the pleadings, so as to obviate this variance, if desired.

Reversed and remanded.