# Loeb & Brother *v.* Manasses.

*Trial of Right of Property in Stock of Goods.*

1. *Conveyance by husband to wife.*—The decisions of this court have established the following propositions, which have become rules of property, and ought not now to be disturbed, though, in respect to some of them, if original questions, the court might come to a different conclusion: (*a*) Where the husband becomes indebted to the wife by reason of his having converted her separate estate to his own use, he may convey property to her for the purpose of paying or securing the debt; and the wife will be protected in her title thus acquired, if *bona fide*, against the other creditors of the husband. (*b*) Such conveyance does not vest the legal title in the wife, but creates in her an equitable separate estate, which she can dispose of like any other equitable estate, and which a court of equity will uphold, even to divesting the legal title out of the husband, when necessary for the protection of the wife's interests. (*c*) Such conveyance is in the nature of a declaration of use, by which the wife is clothed with the equitable title, while the legal title is retained by the husband in trust for her.

2. *Same; actions for property so conveyed.*—It is a corollary from the propositions above stated, that such conveyance is not available to support an action at law by the wife, but the action, if founded on the legal title, may be brought by the husband as trustee; "and when the recovery rests wholly on upholding and enforcing the equitable title or claim of the wife, resort must be had to a court of equity, which alone is competent to give effect to such conveyances."

3. *Same; who may maintain statutory claim suit.*—When an attachment or execution against the husband is levied on personal property which he has conveyed directly to the wife, he can not maintain a statutory claim suit for it in his own name as trustee for her. ("The expression in *Meyer v. Sultzbacher*, 75 Ala. 423, was not necessary to the decision of the case, and can not be considered as having established a rule of practice.")

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

The appellants in this case sued out an attachment on the 11th February, 1885, against L. Manasses, which was levied on

[Loeb & Brother v. Manasses.]

a stock of goods in his possession; and he thereupon interposed a claim to the goods as trustee for his wife, Mrs. Jacobina Manasses, made affidavit, and gave bond for the trial of the right of property. On the trial of the issue made up between the parties, as the bill of exceptions shows, the plaintiffs proved their debt against said Manasses, the issue and levy of the attachment, and the defendant's possession of the goods at the time of the levy in the store in which he was carrying on business. The claimant then introduced evidence showing, or tending to show, that on the 3d October, 1884, being indebted to his said wife in the sum of about $3,200, for moneys belonging to her statutory estate which he had received and converted to his own use, he conveyed said stock of goods to her in payment and satisfaction of said indebtedness; and the conveyance, or bill of sale, which recited these facts, was produced.

On these facts, the court charged the jury, on request of the claimant, as follows: "If Manasses had received as much money from his wife's statutory separate estate as he names in his bill of sale, and conveyed the goods to her in honest payment of the debt, and for no fraudulent purpose; then the jury will find that the goods are not subject to the attachment, and as to the goods they must find for the claimant." The plaintiffs excepted to this charge, and they here assign it as error.

Troy, Tompkins & London, for the appellants.—At common law, all contracts between husband and wife were void; and under our statutes, all contracts between them, relating to the statutory estate of the wife, are prohibited. If a conveyance by the husband, directly to the wife, has any validity as against his creditors, effect can only be given to it in a court of equity: it can not, at law, change the character of his legal title.—*Dreyfus v. Wolffe*, 65 Ala. 496; *Gilbert v. Dupree*, 63 Ala. 331; *Short v. Battle*, 52 Ala. 460; *McMillan v. Peacock*, 57 Ala. 129; *Alexander v. Saulsbury*, 37 Ala. 375; *Ratcliffe v. Dougherty*, 24 Miss. 184; *Savage v. O'Neill*, 32 Barb. 374; *White v. Wager*, 25 N. Y. 328; *Patterson v. Patterson*, 45 N. H. 164; *Gamble v. Gamble*, 11 Ala. 966; *Puryear v. Puryear*, 12 Ala. 13; *Washburn v. Gardner*, 76 Ala. 597; 19 Mo. 448; *Sweat Hall*, 8 Vt. 187.

J. M. White, *contra*.—That a conveyance by the husband to the wife directly creates in her an equitable separate estate, leaving the legal title in him as trustee for her, is settled by numerous decisions of this court.—*McMillan v. Peacock*, 57 Ala. 127; *Turner v. Kelly*, 70 Ala. 85; *Helmetag v. Frank*, 61 Ala. 67; *Goodlett v. Hansell*, 66 Ala. 151. The decision

in *Meyer v. Sultzbacher,* 75 Ala. 424, is a legitimate inference from these cases; and the doctrine of *stare decisis* requires that the court should adhere to them.—*Nolin v. Parmer,* 24 Ala. 391; *Strickland v. Nance,* 19 Ala. 233; *Rawles v. Kennedy,* 23 Ala. 240; *Hibler v. McCartney,* 31 Ala. 506.

CLOPTON, J.—The following propositions, which have been settled by our decisions, have become rules of property, and ought not now to be disturbed; though, if original questions, we might come to a different conclusion in respect to some of them:

1. Where the husband becomes indebted to the wife, by reason of having converted to his own use her separate estate, he may convey property directly to her for the purpose of paying or securing the debt; and the wife will be protected in her title thus acquired, if *bona fide,* against the husband's other creditors.—*Northington v. Faber,* 52 Ala. 45; *Copeland v. Kehoe,* 57 Ala. 246.

2. Such conveyance is inoperative to vest the legal title in the wife, and for this purpose is void at common law; but it operates to create in her only an equitable estate, which a court of equity will uphold, even to divesting the legal title out of the husband, when necessary for the protection of the wife's interest,—*McMillan v. Peacock,* 57 Ala. 127; *Gluck v. Cox,* 75 Ala. 310.

3. Such conveyance being inoperative to vest the legal title, but creating an equitable estate, is in the nature of a declaration of use, by which the wife is clothed with the equitable title, and the legal title is retained by the husband, which he holds in trust for her.—*Powe v. McLeod,* 76 Ala. 418.

The corollary from these propositions is, that, as the conveyance does not operate to pass the legal title, it is not available to support a claim in an action at law; but such action, when the right of recovery is founded on the legal title, may be instituted in the name of the husband as trustee.—*McIlwain v. Vaughan,* 76 Ala. 489; *Meyer v. Sultzbacher,* 75 Ala. 423. But, when the recovery rests wholly on upholding and enforcing the equitable title or claim of the wife, resort must be had to a court of equity, which alone is competent to give effect to such conveyances.—*Butler v. Merchants' Ins. Co.,* 8 Ala. 146. In a statutory trial of the right of property, only the legal title or claim is in issue; and the equitable rights can not be regarded, or adjudicated.—*Block v. Maas,* 65 Ala. 211. Where the execution is against the husband, and levied upon personal property, which he has conveyed directly to the wife, such conveyance being void at common law, the property will be held in a court of law to be his, and subject to the execution. Such

[Toenes v. Moog.]

court will not take cognizance of the estate of the wife, which is the mere creature of equity, which alone " can look to such transactions; but the courts of law, pending the existence of the relation of husband and wife, can not regard them.—*Irons v. Reynolds*, 28 Ala. 305. In such case, if the husband interposes the claim in his name as trustee for the wife, the court at law, looking alone at the legal title, finds it in the defendant in execution, and the claim can not prevail.—*King v. Hill*, 20 Ala. 133. The expression in *Meyer v. Sultzbacher, supra*, was not necessary to the decision of the case, and can not be considered as having established a rule of practice.

Reversed and remanded.