# Ramage v. Towles.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Husband and wife as parties defendant.*—On a sale and conveyance of land to a married woman, for husband joining with her in a note for the unpaid purchase-money, he is not a necessary party, as husband or trustee, to a bill for the enforcement of a vendor's lien, filed since the 28th February, 1887, the statute approved on that day having abrogated all his marital rights and incidents pertaining to the office of trustee, and requiring the wife to sue and be sued alone (Code, §§ 2341-51); and though, as surety or maker of the note, he would be a proper party defendant, he is not a necessary party.

2. *"Speaking demurrer."*—A demurrer, not founded on any allegations of the bill, but on averments of the answer only, is properly overruled.

3. *Personal security on note for purchase-money, as waiver of vendor's lien.*—Taking personal security on a note given for the purchase-money of land, is presumptively a waiver of the vendor's lien; but this presumption may be rebutted by proof of an oral agreement, at the time, that it should not so operate.

APPEAL from the Chancery Court of Chambers.
Heard before the Hon. S. K. McSPADDEN.

J. M. & E. M. OLIVER, for appellant.

N. D. DENSON, *contra.*

SOMERVILLE, J.—1. The bill was filed May 22, 1888—after the present Code went into effect—by Mrs. Towles, to enforce a vendor's lien on certain lands sold by her to the defendant, Mrs. Ramage, who is a married woman. The note for the purchase-money was signed by both Mrs. Ramage and her husband. It is not, and can not be insisted, that the coverture of Mrs. Ramage was any defense to the enforcement of the vendor's lien.—*Crampton v. Prince*, 83 Ala 246; s. c,, 3 Amer. State Rep. 718. It is insisted by demurrer, that the husband was a necessary party to the bill. Under the provisions of the present Code, a married woman may be sued alone on any of her contracts or engagements, where any person *sui juris* could be sued alone under the same state of facts. Section 2347 reads as follows: "The wife must sue alone, at law or in equity, upon

[Ramage v. Towles.]

all contracts made by or with her, or for the recovery of her separate property, or for injuries to such property, or for its rents, income or profits, or for all injuries to her person or reputation; and upon *all contracts* made by her, or *engagements* into which she enters, and for all torts committed by her, *she must be sued as if she were sole.*"—Code, 1886, § 2347.

The real estate sought to be subjected to a vendor's lien is clearly the statutory separate estate of Mrs. Ramage, the title being conveyed by deed directly to her, without the intervention of an active trustee for her benefit.—Code, 1886, § 2351. In this property, the husband has no interest which requires the protection of the court. The effect of the act of February 28, 1887, defining the rights and liabilities of the husband and wife, and now embraced in the present Code (§§ 2341–2351), is to remove the husband from the trusteeship of his wife's statutory separate estate, and to abrogate all his marital rights incident to this relation. This office of trustee, being created by statute, can be taken away in like manner.—*Rooney v. Michael*, 84 Ala. 585; *Robinson v. Walker*, 81 Ala. 404; *Holliday v. Jones*, 57 Ala. 525. He now has no title, legal or equitable, to such estate, and no right to the rents, income or profits. The only right left him is a right to veto an alienation of the property by the wife, without his assent and concurrence, except in certain cases.—Code, § 2348. His relation as husband did not require that he should be made a party. And, while his relation as surety, or co-maker of the note with the wife, would authorize his introduction as a proper party defendant, it would not make him a necessary party.—*Tedder v. Steele*, 70 Ala. 347.

2. It is not apparent on the face of the bill that Eleanor Combs, and other persons specified in the second and third grounds of demurrer, have any interest whatever in the suit, and they are not, therefore, *prima facie* proper or necessary parties defendant. These demurrers were properly overruled, falling under the head of what is commonly characterized as "speaking demurrers;" which seek to introduce, by way of demurrer, matter foreign to the allegations of the bill. *Bromberg v. Heyer*, 69 Ala. 22.

3. The bill avers that, at the time the note for the purchase-money was taken, it was orally agreed between the plaintiff and defendant, that the taking of the husband's name on the note as personal security for its payment was

not to operate as a waiver or abandonment of the vendor's lien. The demurrer admits this fact; and if true, the lien was not waived.—*Woodall v. Kelly & Co.*, 85 Ala. 368, and cases there cited.

There was no error in overruling any of the four grounds of demurrer.

Affirmed.