# Bush v. Henry.

*Statutory Claim Suit for Yoke of Oxen.*

1. *Title of claimant.*—To maintain a statutory claim suit, or trial of the right of property, the claimant must show a legal title in himself, and can not recover on proof of an equitable title only.

2. *Offspring of domestic animals.*—The offspring of a cow, or other domestic animal, belongs to the owner of the mother, and is held by the same title, whether legal or equitable.

3. *Gift or conveyance by husband to wife; wife's earnings.*—A gift of property by the husband to the wife directly, or a conveyance to her in payment of an admitted indebtedness, passes only an equitable estate or interest, leaving the legal title in the husband; and if he buys personal property on credit, allowing her to pay for it out of her earnings (prior to February 28th, 1887), this is a mere gift, and the wife can not recover against an execution creditor of the husband.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This was a statutory trial of the right of property in and to a yoke of oxen, between Albert G. Henry, plaintiff in execution against Calvin Bush, and Mrs. Minerva Bush, the

[Bush v. Henry.]

wife of said Calvin, as claimant; and originated in a justice's court, where the claim was filed on the 21st May, 1886.   On the trial in the Circuit Court, the bill of exceptions purporting to set out all the evidence adduced, the court charged the jury that, "if they believed the evidence, they must find for the plaintiff in execution." The claimant excepted to this charge, and she here assigns it as error.

BROWN & HOLLIDAY, and JNO. G. WINSTON, for appellant.

LUSK & BELL, contra, cited *Meyer v. Sulzbacker*, 75 Ala. 423; *McIlwain v. Vaughan*, 76 Ala. 489; *Loeb v. Manasses*, 78 Ala. 555; *Snediker v. Boyleston*, 83 Ala. 408.

STONE, C. J.—The only question in this case is, whether Mrs. Bush, a married woman, has shown such a title to the oxen in controversy, as will maintain her claim in the present suit, which is a trial of the right of property.   This is a statutory action under our jurisprudence; and the burden of proof is primarily on the plaintiff in execution or attachment.   When, however, he makes a *prima facie* case of property in the defendant, the burden then shifts, and the claimant must prove a paramount title in himself.   And to avail, the title must be legal, not equitable.—*Foster v. Goodwin*, 82 Ala. 384; *Loeb v. Manasses*, 78 Ala. 555; *Powe v. McLeod*, 76 Ala. 418; *Hardy v. Ingram*, 84 Ala. 549.

It is settled that, when property is seized under process against the husband, which the wife claims under sale or gift by, or conveyance from him to her, neither she in her own name, nor in the name of the husband as trustee, can defend on such title in a trial at law of the right of property. *Loeb v. Manasses*, 78 Ala. 555; *Snediker v. Boyleston*, 83 Ala. 408.

Henry was plaintiff in execution, Calvin Bush the defendant, and Minerva Bush, wife of Calvin, was claimant.   The subject of the suit was a yoke of oxen, progeny in the second generation of a cow, the title to which is hereafter set forth.   If the claimant had a legal title to the cow, then her claim to the oxen was made good.   *Partus sequitur ventrem. Gans v. Williams*, 62 Ala. 41; *Meyer v. Cook, ante*, 417.

The testimony tending to show Mrs. Bush's ownership of the oxen was by her husband, and was substantially as follows:   Many years ago Mrs. Bush owned two cows, her statutory separate estate.   These cows the husband sold with

[Home Protection of North Alabama v. Caldwell Bros.]

the approbation of the wife, used the money, and promised to repay it to her. Another cow was subseqently purchased, from which the oxen are descendants. Calvin Bush's testimony in relation to this latter cow is as follows: "We rented the Coffee land, and my wife had a little patch of cotton which I allowed her to own, to do as she pleased with. I plowed it, and she planted and cultivated and gathered it herself. She picked the cotton, and it was taken to the gin and ginned, and turned over to Dr. Jackson to pay for the cow. I bought the cow from James M. Jackson for forty dollars. I first bargained for the cow on credit, but my wife's cotton paid for her. I then turned the cow over to my wife for the cows I had sold of hers, and I never had anything more to do with her. These steers are calves of calves of that cow."

This testimony is susceptible of two interpretations: First, that Bush purchased the cow on credit, and then traded or turned the ownership over to his wife, on condition that she would and did pay for her. Second, that being indebted to his wife for her two cows previously sold by him, he gave or sold her this cow in payment of the debt. Either interpretation shows that she acquired all the right she has by direct transfer from her husband, which clothes her only with an equity, and not the legal title.—*Pollak v. Graves*, 72 Ala. 347; *Meyer v. Sulzbacher*, 75 Ala. 423; *Daffron v. Crump*, 69 Ala. 77; *Evans v. English*, 61 Ala. 416.

The claim in this case was interposed in May, 1886, and is not affected by the act approved February 28, 1887—Code of 1886, § 3004; *Hardy v. Ingram*, 84 Ala. 544.

The Circuit Court did not err in giving the general charge in favor of the plaintiff, as Mrs. Bush had no title which she could maintain in a court of law.

Affirmed.