# Hamaker *v.* Hamaker.

*Bill in Equity by Wife, to enforce Resulting Trust in Lands.*

1. *Gift or conveyance by husband to wife.*—A promissory note of a third person, given by the husband to the wife during coverture, becomes a part of her equitable, and not her statutory estate; and any conveyance of property by him to her directly, during coverture, except in compensation or substitution for other property which belonged to her statutory estate, creates in her an equitable estate.

2. *Same; ante-nuptial agreement.*—A conveyance executed by the husband to the wife, in performance of an ante-nuptial agreement, by which he promised to convey all his property to her in consideration of her marrying him and taking care of him, creates in her an equitable, and not a statutory estate.

[Hamaker v. Hamaker.]

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 15th November, 1886, by Mrs. Nancy Hamaker, against her husband, William Hamaker, and Mrs. Martha Reagan, who was his daughter by a former wife; and sought to establish a resulting trust in a tract of land, which John H. Eubanks had conveyed by deed to said William Hamaker for life, with remainder to his said daughter. The bill sought to enforce a trust in this tract of land, on the ground that the purchase-money was paid with funds which belonged to her separate estate— statutory, as the original bill alleged; equitable, as the amended bill alleged. An answer was filed by William Hamaker, alleging that he bought and paid for the land with his own money, and that his wife "had no estate whatever at any time;" and Mrs. Reagan made the same answer, on information and belief. On final hearing on pleadings and proof, after the reversal and remandment at a former term (85 Ala. 231), the chancellor rendered a decree for the complainant; and his decree is now assigned as error.

R. H. PEARSON, for appellants, cited *Hamaker v. Hamaker*, 85 Ala. 233; *Lehman v. Lewis*, 62 Ala. 129.

WEAVER & SELHEIMER, *contra.*

McCLELLAN, J.—The bill in this case originally alleged that the money, with which complainant paid for the land in controversy, belonged to her statutory separate estate. The evidence showed that at least a part of the sum so paid was her equitable separate estate. On a former appeal, the decree of the City Court in favor of the complainant was reversed, on account of this variance between the allegations and the proof.—*Hamaker v. Hamaker*, 85 Ala. 232. The cause being remanded, the bill was amended, so as to charge that all the money which went to pay for the land belonged to the equitable separate estate of the complainant. On the second hearing, another decree was rendered for the complainant, from which this appeal is prosecuted, and against which it is now insisted, (1) that the evidence does not show that the land was bought and paid for by the complainant; and (2) that if the land was paid for by her, the evidence shows that the money used for that purpose belonged in part to her statutory separate estate, and in other part to her

[Hamaker v. Hamaker.]

equitable separate estate; and hence there is still a fatal variance between the averments of the amended bill and the evidence upon which the decree is founded.

As to the first contention, we have no difficulty in concurring with the judge of the City Court, that upon the whole evidence there is a reasonable preponderance in support of the complainant's claim, that she bought the land, and paid for it with funds which constituted her separate property, either equitable or statutory, or in part equitable and in part statutory. On the other point, the proof is, that a part of the money paid was the proceeds of a note, which defendant had given the complainant during coverture. This money was manifestly a part of her equitable estate.—*McIlwain v. Vaughan*, 76 Ala. 489. The land was paid for in other part, with the proceeds of land which had been conveyed by the husband to the wife, by two separate deeds, each conveying the same property. One of these was executed on February 14th, 1881, on a recited consideration of two hundred and fifty dollars, which, according to further recitals of the deed, belonged to the grantee's statutory separate estate, and had been received by the grantor and used for his own purposes. The *habendum* clause leaves no doubt of the grantor's intention to create a statutory estate in his wife; and the conveyance, standing alone, and unimpeached as to its recited consideration, it may be conceded would have that effect.—*Loeb v. McCullough*, 78 Ala. 533.

But we apprehend, that when inquiry into the consideration is had, no mere form of words is adequate to impress the statutory character on an estate conveyed directly from husband to wife. To the attainment of that result it is necessary that the consideration should in point of fact, as well as in matter of recital, be money or property which had belonged to the wife's statutory estate, and been appropriated by the husband, so that the estate which passed would go in substitution for that which had been converted. *McMillan v. Peacock*, 57 Ala. 127; *Loeb v. McCullough*, *supra*. The evidence in this record satisfies us, that the complainant neither had at the time of her marriage, nor acquired pending coverture, any property which became her separate statutory estate, which could have formed the consideration of the conveyance of February, 1881; and it therefore follows, that whatever she took by that conveyance, became her equitable separate estate.

If this deed be pretermitted in the consideration of the
28

case, and the character of her estate be made to depend upon the conveyance of May, 1881, the same conclusion is reached. The latter instrument was executed in consideration, and in. the performance and discharge of a recited antenuptial agreement, by which William Hamaker undertook, in consideration of Nancy's J.'s becoming his wife, and upon the condition that she would take care of him, to convey all of his property, real and personal, to her. This contract vested no property in the complainant before marriage. It did not become obligatory on Hamaker until after the marriage was consummated. The only right she then had under it, was to have property conveyed to her, not in consideration of, or substitution for her statutory separate estate, but in consideration of a personal act of hers, which was fully performed only when she had become the wife of the defendant. This consideration for the conveyance of 1881 could not impress on the property the character of a statutory estate, nor release it from the equitable character which attaches to all property conveyed directly by husband to wife, with the single exception noted hereinbefore, where the title passes in compensation for property which had belonged to the statutory separate estate.

The land, proceeds of which paid in part for the land involved in this suit, was the equitable separate estate of the complainant; and there is no variance between the allegations and proof.

The decree of the City Court is affirmed.