# Bruce *v.* Bruce.

*Statutory Delinue for Cattle.*

1.   *When action lies by wife against husband.*—Under the statutory
provisions now of force (Code, §§ 2341-51), the wife may maintain an
action against the husband for the recovery of personal property
which she acquired by gift from him prior to the passage of those
statutes.

2.   *Charge as to sufficiency of evidence.*—A charge instructing the
jury that it is incumbent on the plaintiff to prove that the property
sued for belonged to him when the suit was brought, *and* that the de-
fendant had no title or interest in it, and no right to detain it, is
properly refused.

3.   *Estoppel against wife.*—It the husband, on a voluntary separation
between him and his wife, allows her to take some of his cattle, in-
tending it as a settlement of her claim to some of them, this does
not estop her from afterwards claiming others which belonged to her;
unless she consented to so take them.

[Bruce v. Bruce.]

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Eliza Bruce against her husband, Stephen Bruce, to recover four head of cattle, and was commenced on the 26th August, 1889. The parties were formerly slaves, and were married after emancipation; and they lived together until February, 1887, when they separated. The cattle were bought before their separation, one from a Mr. Hammond, and the mother of the others from Mr. Ingram; and each party claimed to have furnished the money to pay for them. The plaintiff testified that the money was partly the wages of her son by a former husband, and the balance was the proceeds of the sale of cotton which her husband allowed her to raise on a "patch" of her own. The evidence showed, also, that when the parties separated, the defendant told his wife to go to the pen and pick out what cattle she wanted, and she did so; but these were not the cattle sued for. The defendant pleaded *now detinet*, and the plaintiff's coverture; and the plaintiff replied to the latter plea, that the cattle belonged to her separate estate, after demurrer overruled to the plea.

The court charged the jury as follows: "If the jury are reasonably satisfied from the evidence that the plaintiff bought the cattle from Howard and Ingram, and that they sold the cattle to her, and that she paid for them, either with her own money, or with money which she received as the proceeds of her own labor; and that her husband gave her her own labor, or the proceeds thereof; and that the cattle sued for are the increase of the cattle so bought, then she has such a right to them as will enable her to maintain this suit, and she will be entitled to recover, if in other respects she has made out her case."

The defendant excepted to this charge, and also to the refusal of each of the following charges, which were asked by him in writing: (1.) "It is incumbent on the plaintiff to prove to the satisfaction of the jury that the cattle sued for belonged to her when the suit was brought, and that the defendant had no title or interest in them, and no right to detain them." (3.) "If the jury are satisfied by the evidence that the plaintiff is a married woman, and was at the time she brought this suit, then she can not maintain the suit as it is here brought." (4.) "If the proof satisfies the jury that plaintiff and defendant are husband and wife, and were at the commencement of this suit, although not living together, they should find for defendant." (6.) "If the proof reasonably satisfies the jury that, after February 28th,

[Bruce v. Bruce.]

1887, the cows which had been previously divided between the parties want back to defendant's, and that plaintiff went or sent to him for them, and defendant intended this as a settlement of the division of the property, this would estop plaintiff from bringing this suit, and their verdict should be for the defendant."

STALLWORTH & BURNETT, for appellant.

BOWLES & RABB, contra.

WALKER, J.—The statute provides, in general terms, that the wife must sue alone for the recovery of her separate property.—Code of Ala., § 2347. The language is broad enough to include a suit by her against her husband. The conclusion that the wife may now sue her husband at law is supported by other provisions of the "Married Woman's Statute." Important contract and property rights of the wife, for the enforcement of which the statute requires her to sue alone, are so far without the influence of the marital relation that they may as well be violated by the husband as by any stranger. The earnings of the wife are her separate property : she has the control and management of her separate estate, and is entitled to the rents, income and profits ; she may contract with her husband ; if he is living apart from her, without fault upon her part, or if he be of unsound mind, she may convey or dispose of her real or personal property in any manner as if she were *sole ;* and, without the consent of her husband, if he is of unsound mind, or has abandoned her, or is a non-resident of the State, or is imprisoned under conviction for crime, she may enter into and pursue any lawful trade or business, as if she were *sole.*—Code, §§ 2341-2350. Her husband, like any other person, may unlawfully deprive her of her separate estate, or become liable on a contract with her. The statute certainly establishes a rule which, as to the classes of cases covered by its provisions, operates to remove the common-law disability of the wife to sue alone. Suits against the husband are not, in terms or by implication, excepted from the operation of the statute. It is provided, in general terms, that the remedy for the enforcement of certain rights of the wife is by suit in her name alone. Some at least of those rights exist in her favor as against her husband. There is nothing in the statute to show that the existence of the marital relation affects or impairs the remedy for their enforcement. Our conclusion is, that if the suit is one

[Bruce v. Bruce.]

which the statute requires to be brought in the name of the wife alone, it may be prosecuted against her husband, if he is the party responsible for the violation of the right to be vindicated by the suit. The effect of the statute is, that the legal rights of the wife as against her husband may be enforced by legal remedies. The demurrers to the pleas of coverture were properly sustained; and charges 3 and 4 requested by the defendant were properly refused.

Prior to the present statute, property purchased by the wife with her own money, or with money which she earned, and which her husband permitted her to retain, was, as between herself and her husband, her separate estate.—*Carter v. Worthington*, 82 Ala. 334; *Bush v. Henry*, 85 Ala. 605. When the rights of creditors are not involved, it is immaterial to inquire whether it belongs to her statutory separate estate or to her equitable separate estate; for, with a single exception not now necessary to be mentioned, the distinction between the two classes of estates has been abrogated, and property acquired by the wife by gift from, or contract with her husband, is her separate property within the meaning of the present statute, and may be recovered in an action at law in her own name.—Code, §§ 2347, 2351; *Rooney v. Michael*, 84 Ala. 585. The rights of the husband, as trustee of the wife's statutory separate estate, were created by statute, and could be taken away in like manner. *Mem. & C. R. Co. v. Bynum*, 92 Ala. 335; *Ramage v. Towles*, 85 Ala. 589. As to her equitable separate estate, if not limited or restrained by the instrument creating it, in a court of equity the wife was regarded as a *femme sole*, and could bind or charge the estate by any contract which would bind her if *sole*.—3 Brick. Dig. 548, § 85. The statute gives legal recognition to such estates, and authorizes the pursuit of legal remedies for their protection. No constitutional right of the husband is affected by a statute giving the wife a standing in a legal forum in reference to property which, under the rules enforced by courts of equity, she could already deal with as if she were *sole*. As to neither of the two classes of estates does the statute purport to have any such retrospective operation as to impair any vested right of the husband. He has no right to complain that the remedies in favor of the wife for the protection of her separate property are changed and enlarged. The wife alone may now sue for the recovery of her separate property, whether, before the enactment of the statute now in force, it belonged to her statutory or to her equitable separate estate. There was evidence tending to show the state of facts hypothesized

in the part of the general charge to which an exception was reserved.   The proposition there asserted was correct under the rules above stated.

If the plaintiff offers evidence to support a state of facts on which he is entitled to recover, it is not incumbent upon him to go further and show affirmatively that the defendant has no defense.   Charge one requested by the defendant was incorrect, in putting upon the plaintiff the burden of proving more than was required to entitle her to a recovery.

The plaintiff and the defendant had been living apart for several years.   There was evidence tending to show that, when they separated, the defendant gave certain cattle to the plaintiff.   The mere fact that the defendant intended this as a settlement of the plaintiff's claim could not affect her title to property which already belonged to her, and which she did not consent to give up.   Plaintiff's acceptance of the defendant's gift to her did not estop her from claiming what was already her property.   Charge six requested by the defendant was properly refused.

Affirmed.