# Connolly *et al.* v. Mahoney.

*Bill in Equity to establish Life Estate in Lands, and to sell the same.*

1. *Right of husband in separate estate of deceased wife.*—Under the provisions of the new married woman's law, (Code, §§ 2341-2356), a husband is entitled to distribution in the separate estate of his wife, who dies intestate, and to the use of her realty during his life; and where at the time of the death of the wife she was seized of real property which she held under a bond for title obligating the vendors, upon the payment of all the purchase money, to convey the said property by warranty deed to her "to her sole and separate use, free from the control, debts or contracts" of her husband, and there had been paid thereon half of the purchase price, such estate is, under the statute (Code, § 2351), the wife's statutory separate property, and the surviving husband can maintain a bill, after her death, to establish a life estate in such property; and, upon proper showing, have the property sold, in order to pay the amount of the purchase money then due, and invest the balance of the proceeds of the sale in realty, to the use of which he would be entitled during his life.

APPEAL from the City Court of Montgomery.

Heard before the Hon. THOMAS M. ARRINGTON.

The bill in this case was filed by the appellee, Eugene Mahoney, on March 3, 1893, against the appellants; and sought to establish in the complainant a life estate in certain property, and have such property sold.

The bill avers that in 1885, Bridget Mahoney, the wife of the complainant, and the mother of the respondents, contracted for the purchase of a lot, to be conveyed to her by Moses Bros., the owners thereof.; that there was executed by said Moses Bros. to the said Bridget Mahoney, a bond for title, in which the said Moses Bros. agreed that, upon the payment of $8,000, they would convey the said property by warranty deed to Bridget Mahoney, "to have and to hold to her sole and separate use, free from the control, debts or contracts of her present or any future husband;" that there were several payments made in compliance with the contract of purchase; that on the death of Bridget Mahoney, on October 8, 1890,

[Connolly *et al.* v. Mahoney.]

there was due upon said property, $4,000 ; that after the
contract of purchase, there had been placed upon the said
property, by the purchaser, permanent improvements,
and that the property was worth in the real estate market
of Montgomery, where it was situated, about $15,000.
The bill then avers that Moses Bros., the original vendors,
subsequent to said contract of sale, made a general assign-
ment for the benefit of their creditors, and that Janney
& Cheney, the regularly appointed trustees under said
general assignment, had succeeded to the rights of Moses
Bros. in the property involved in this controversy.   The
bill further averred : "That though orator is, under the
laws of the State of Alabama, entitled to the use of said
realty for his life and the fee thereof will vest in the chil-
dren and heirs at law of said Bridget Mahoney, as afore-
said, yet, owing to the condition of said property and its
small rental value and said taxes, insurance and repairs,
it is, and must continue to be, absolutely profitless to
your orator, and, as there are no assets of said Bridget
Mahoney's estate out of which to pay the instalments of
purchase money aforesaid as they fall due, the interest
thereon and the necessary taxes, repairs and insurance
for and on said real estate, their is great danger that the
improvements thereon may become so impaired as to
work great damage to the value of said real estate, and
probable failures to meet and pay said instalments of
purchase money, as they fall due, may and will, in all
probability, result in the assignees of said vendors here-
inafter to be named, declaring and insisting on the for-
feiture of said purchase, as provided for in said agree-
ment or contract of sale ; which will work great and
irreparable damage and loss, both to your orator and to
the major and infant heirs and distributees of the estate
of said Bridget Mahoney ; to the extent of their being
entirely deprived of said real estate."

The parties defendant to the bill  were thechildren
of said Eugene and Bridget Mahoney, and the children
of such of their children as had died, and the trustees
of the Moses Brothers' estate.

The prayer of the bill was as follows : "That the said
real estate be sold under the decree and direction of this
honorable court ; and that the title thereto of the heirs
and distributees of the said Bridget Mahoney and the title
thereto of the said J. C. Cheney and G. O. Janney, as

trustees of said Moses Bros., be vested in the purchaser thereof. That it be referred to the register of this court to take and state an account of what is still due as the purchase money for said real estate under said contract of purchase aforesaid, interest and principal. And that out of the proceeds of such sale of said land be first paid in full the principal and interest ascertained to be due said Cheney and Janney, as trustees of said Moses Bros., for the purchase money of said real estate, and that the balance of the proceeds of said sale be, under the directions of this honorable court, invested in such reliable and interest bearing securities as may appear safe and just to all concerned. That the interest thereon and therefrom be decreed and ordered to be paid to orator or his assigns by the register of this court, for and during the natural life of orator, on the receipt therefor by orator, or his assigns, and that after orator's death the principal of said proceeds be paid over to said heirs and distributees of said Bridget Mahoney, or whoever may be then entitled to the same."

The respondents moved to dismiss the bill for the want of equity, and demurred to the bill upon the following grounds: 1st. That it shows that the complainant is not entitled to file said bill. 2d. Because the bill shows on its face that the complainant has no interest in the real estate described therein. 3d. That it is shown by the bill that the estate of Bridget Mahoney in said land was a separate estate, and all of the marital rights of said complainant were thereby excluded. 4th. That the bill shows that Bridget Mahoney was not seized in an estate of inheritance in fee of the real estate described in the bill, and that complainant has no estate by courtesy therein.

On the submission of the cause, upon the motion and the demurrer, the court overruled the motion to dismiss for the want of equity, and also overruled the demurrer. The respondents bring this appeal, and assign as error this decree of the chancellor.

LESTER C. SMITH.—1. The deed to Mrs. Mahoney excluded the marital rights of the husband, and the husband was not, therefore, entitled to the use of the property after her death.— *Willis v. Cadenhead*, 28 Ala. 472; *Hardy v. Boaz*, 29 Ala. 171; *Cannon v. Turner*, 32 Ala.

[Connolly *et al.* v. Mahoney.]

483 ; *Nelson v. Goree*, 34 Ala. 580 ; *Kelly v. Turner*, 74 Ala. 519.

2.  Although the mere holding of lands by a wife by an equitable title will not deprive the husband of his curtesy, the husband may, at common law, be deprived of his curtesy by the terms of the deed to his wife.— Clancy on Husband & Wife, 190 ; *Bennett v. Davis*, 2 P. Wm. 316; *Morgan v. Morgan*, 5 Madd. 408; *Roberts v. Dixwell*, 1 Atk. 607 ; *Hearle v. Greenbank*, 3 Atk. 695.

3.  When the rights of the husband have not attached to lands during coverture, they can not attach after the death of the wife, and this, of itself, will exclude the husband's right of curtesy.—*Grimball v. Patton*, 70 Ala. 626–635 ; *Carrington v. Richardson*, 79 Ala. 101.

4.  One of the incidents of curtesy was that the estate of the husband after the birth of issue could be sold under execution for his debts.—*Cheek v. Waldrum*, 25 Ala. 152 ; *Brevard v. Jones*, 50 Ala. 221.

KIRKPATRICK & MACDONALD and B.C. TARVER, *contra*.— 1.  The privilege of curtesy extends to all the lands and tenements of which the wife was seized at any time during coverture, whether legal or trust estate ; whether in fee simple or by way of reversion.—Schouler's Husband & Wife, § 418 ; 1 Washb. Real Prop., 163.

2.  As for real estate settled or devised to the wife's sole and separate use, curtesy originally could not be claimed of a use ; but modern equity does not regard the husband as deprived of his rights of curtesy in such property upon surviving his wife, unless by the clear terms of the trust he has been excluded therefrom.— Schouler's Husband & Wife, § 420, *et seq.*, note 2 ; *Smoot v. Lecatt*, 1 Stew. 602; 1 Washb. on Real Prop., 166 ; *Frazer v. Hightower*, 12 Heisk. (Tenn.) 94.

3.  To entitle a husband to curtesy in the wife's equitable estate of inheritance, it is only needful that the requisites of such a title in legal estates existed. Actual possession of the estate, or the receipt of rents, issues and profits by her, or possession by her trustee, is a seisin of an equitable estate equivalent to legal seisin, and sufficient. Antenuptial or past nuptial settlement by the husband upon his wife is not necessarily inconsistent with his right of curtesy on surviving her. 2 Schouler's Husband & Wife, § 420, notes 5 and 6 ;

*Cushing v. Blake*, 30 N J. Eq. 689, s. c. 29 N. J. Eq. 399 ; *Frazer v. Hightower*, 12 Heisk. 94.

4. The quality of a separate estate ceases on the death of the wife, and if the husband survives her, he becomes entitled to the property, as though it had never been settled to her separate use. For the separate use was only created for the marriage state, and was not designed to extend beyond the dissolution of marriage, or when the necessity for the trust should no longer be felt. So doubtless her chattels will go to her husband as her survivor. In short, the wife's separate property, upon her death, is freed from its peculiar incidents, and becomes like any other estate of hers which may remain at her decease.—Schouler's Husband & Wife, § 196 ; and authorities in notes 4 and 5; *Ege v Medlar*, 82 Pa. St. 86; *Jones v. Brown*, 1 Md. Ch. 191; *Payne v. Payne*, 8 B. Mon. 391 ; *Cushing v. Blake*, 29 N. J. Eq. 399, s. c. 30 N. J. Eq. 689 ; *Tillinghast v. Coggeshall*, 7 R. I. 383 ; *Porch v. Fries*, 3 C. E. Gr. 204.

5. Under the provisions of the new married woman's law, the complainant had an interest in the property of his deceased wife, as her surviving husband.—*Maxwell v. Grace*, 85 Ala. 579 ; *Rooney v. Michael*, 84 Ala. 585.

HARALSON, J.—1. The act of 28th February, 1887, carried into the Code of 1886, is a complete revision of the old, and the institution of a new, system of law regulating the rights and liabilities of husband and wife. It prescribes, or rather creates, two kinds of separate estate,—equitable and statutory. Section 2351, defines these two estates. It reads : "All property of the wife, whether acquired by descent or inheritance, or gift, devise, or bequest, or by contract or conveyance, or by gift from a contract with the husband, is the separate property of the wife within the meaning, and is subject to all the provisions of this article, saving and excepting only such property as may be conveyed to an active trustee for her benefit."

2. Construing this act, we have held, that the distinction which had theretofore been made and preserved between statutory and equitable separate estates, has been abrogated, *except* in cases where the property is conveyed to an active trustee, for the wife—a trustee having some duties to perform in reference to the prop-

erty—and that, with this single exception, equitable separate estates are now statutory.—*Rooney v. Michael*, 84 Ala. 589; *Maxwell v. Grace*, 85 Ala. 579; *Marshall v. Marshall*, 86 Ala. 389.

3. To make these sweeping changes in the law, to abolish the husband's trusteeship of statutory estates of the wife theretofore existing, and thereby vest her with the legal title, and to bring all such estates under the operation and dominion of the new system, there existed no legislative incapacity. This trusteeship and these estates were created by statute, and might have been abolished by statute, the only prohibition on legislative authority in such connections being, that no law can be given a retroactive effect, so as to interfere with the rights which have become vested in third persons, or with any right created by contract.—*Memphis & C. R. R. Co. v. Bynum*, 92 Ala. 338; *Ramage v. Towles*, 85 Ala. 589; *Rooney v. Michael, supra; Jordan v. Smith*, 83 Ala. 301.

4. The only question we need consider in this case, as presented by the counsel for appellant, is, whether under the provisions of the married woman's law of 1887, (Code, §§ 2341 to 2356, inclusive), the husband is entitled to distribution in the estate of his wife who died intestate, and to the use of her realty during life. We have quoted above, section 2351 of the Code, which makes all the property of the wife, however acquired, her separate property, subject to all the provisions of the Code, saving and excepting, only, such property as may be conveyed to an active trustee for her benefit. This provision covers the property held by Mrs. Mahoney at her death. She did not hold it by the intervention of an active trustee; a condition necessary to withdraw it from the dominion of the said act of 1887, as found in the Code. Nor does the contract under which she acquired it, vest in her any right, which, under constitutional guaranties, relieves it from the operation and effect of that act.

5. Section 2353 of the Code provides: "If a married woman, having a separate estate, die intestate, leaving a husband living, he is entitled to one half of the personalty of such separate estate absolutely, and to the use of the realty during his life."

Here then, we have an estate acquired by purchase by

the wife during her life, which is her statutory property, under and subject to the provisions of the Code—not held by an active trustee for her benefit—and the wife dies leaving a husband and children. Such a condition is met, as brings her estate for distribution under said section 2353 of the Code.

It is unnecessary to consider the question of the common law right of curtesy of the husband in the lands of his wife.

There was no error in overruling the demurrer to the bill.

Affirmed.