[Allen v. Hamilton.]

# Allen v. Hamilton.

*Trial of Right of Property.*

1. *Abstract charge.*—Instructions based partly or entirely on a state of facts not appearing in the evidence are abstract, and it is not error to refuse them.

2. *Referring joint or common possession of personal property to the title.*—Where, in a trial of the right of property between the wife and an execution creditor of the husband, it appeared that the husband and wife were living together in the same house in which were the goods levied on, but that the goods belonged to the wife, the possession was the wife's, as in such case the law refers the possession to the title.

3. *Separate estate of married woman; title to property acquired from husband.*—Under the present statute creating the separate estates of married women (Code, §§ 2341–2351), property acquired by a married woman by gift from or contract with the husband becomes the separate estate of the wife, and for the recovery of such property she is endowed with full capacity to sue as if she were a *feme sole.*

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The appellant, B. M. Allen, had an execution on a judgment in his favor against John Hamilton levied on certain personal property found in a house occupied by said John Hamilton and his wife, Mary E. Hamilton. Said Mary E. Hamilton interposed a claim to the property levied upon, and made affidavit, and gave bond as required by the statute. The evidence on the trial of the issue as to the right of property is sufficiently stated in the opinion. The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1) "If the jury believe the evidence, they must find for the plaintiff as to all property claimed to be given to the wife by the husband since the notes sued on in this action were due." (2) "The court charges the jury that from all the evidence in this case the burden of proof is on the claimant." (3) "Finding and levying on the property in possession of the defendant claiming it makes out a *prima facie* case for the plaintiff."

There were verdict and judgment for the claimant. Thereafter the plaintiff moved the court to set aside the verdict and judgment rendered thereon, and to grant him a new trial, upon the grounds : First, that the verdict was contrary to the weight of the evidence ; and, second, that the court erred in refusing to give the written charges asked for the plaintiff. The court overruled this motion, and to this ruling the plaintiff duly excepted. The present appeal is prosecuted by the plaintiff, who assigns as error the refusal of the court to give the charges requested by him, and the overruling of the motion for a new trial.

B. M. ALLEN, for appellant, cited *Credwell v. King*, 76 Ala. 149 ; *Seal v. Robinson*, 75 Ala. 364 ; *Berry v. Sowell*, 72 Ala. 14 ; *Jackson v. Bain*, 74 Ala. 328 ; *Wollner v. Lehman*, 85 Ala. 280 ; *Bush v. Henry*, 85 Ala. 606 ; *Loeb v. Manasses*, 78 Ala. 555.

No counsel appeared for appellee.

BRICKELL, C.J.—There was no evidence that, subsequent to the maturity of the notes on which the appellant had obtained judgment, the husband had made a gift to the wife of any part of the property in controversy. And for this reason, if not for others, the first instruction to the jury was properly refused. Instructions based partly or entirely on a state of facts not appearing in the evidence are abstract, and it is not error to refuse them. 1 Brick. Dig. 338, § 41.

The second and third instructions are based on the hypothesis that, at the time of the levy of the execution, the defendant, the husband, had possession of the property. There was evidence that prior to the creation of the debt to the appellant, the husband had given the wife a part of the property, and that the other property, though purchased by the husband in his own name, was purchased for the wife, and paid for by her, with her own moneys. If these facts be true, though the husband and wife were living together in the same house in which the goods were, the law referred the possession to the title. The principle is general, if not universal, and of frequent application to the relation of husband and wife, that when two persons have a common or joint

possession of personal property, the law refers the possession to the title. *Newbrick v. Dugan*, 61 Ala. 251 ; *Bragg v. Massie* ; 38 Ala. 105. These instructions ignored the evidence tending to show the title and possession of the claimant, and were properly refused.

It was doubtless true, under the law creating the separate estates of married women, existing prior to the act of February 28, 1887, now forming sections 2341-51 of the Code, a gift or other transfer of personal property to the wife by the husband created in her an equitable, not a legal, title, upon which she could not support a claim to a trial of the right of property, if a levy was made upon it as the property of the husband. *Bush v. Henry*, 85 Ala. 605. But by the express words of the present statute, intended to abrogate the preexisting rule, property acquired by gift from or a contract with the husband becomes the separate estate of the wife, and for the recovery of such property she is endowed with full capacity to sue as if she were a *feme sole* The error which seems to pervade the argument of the appellant is that such gift or conveyance now creates only an equity, not a legal title, and the error, it is probable, contributed to induce the instructions requested.

We cannot say there was error in the refusal of the instructions requested ; and manifestly the verdict of the jury is not so unsupported by the evidence, as that the court was required to grant a new trial. In no aspect of the case, do we find error in the record, and the judgment must be affirmed,